UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
DERRELL L. GILCHRIST,                           )
                                                )
                          Plaintiff,            )
      v.                                        )       Civil Action No.  1:05cv1540 (RJL)
                                                )
U.S. DEPARTMENT OF JUSTICE,                     )       ECF
                                                )
                          Defendant.            )
_____        )

## DECLARATION OF ANTHONY J. CICCONE

      I, Anthony J. Ciccone, declare the following to be a true and correct statement of facts

material to this case:

      1. I am a Senior Attorney Advisor in the Department of Justice ("DOJ" or "Department")

currently assigned to the Executive Office for United States Attorneys ("EOUSA"), Freedom of

Information & Privacy Staff.  This Staff processes all requests received by EOUSA and United

States Attorneys' Offices under the Freedom of Information and Privacy Acts ("FOIA/PA") and

related regulations.  5 U.S.C. §§ 552-552a; *accord* 28 CFR § 16.1, *et seq.*  I have previously

served within the Department as a Trial Attorney in the Civil Division (1990-1997) and as Trial

Attorney/FOIA-Privacy Counsel in the Executive Office for United States Trustees (1997-2004).

      2. My official duties include acting as liaison with other Departmental components

regarding FOIA/PA matters and overseeing the processing of FOIA/PA requests for records

maintained by EOUSA or any of the 93 United States Attorneys' offices nationwide, including

the search for responsive nonexempt records, associated processing and fee issues, and the

preparation of determinations to release, redact, or withhold agency records pursuant to the

access and exemption provisions of Freedom of Information and Privacy Acts.

3. I am personally familiar with the FOIA/PA requests made by Derrell L. Gilchrist

(hereinafter "Requester"), which form the basis for this litigation. The statements I make in this

declaration are based on my review of Departmental files, information acquired through the

performance of my official duties, and my own personal knowledge.

## EOUSA REQUEST NO. 04-2365

4. The Requester's initial information request to EOUSA, dated June 2, 2004, sought in

pertinent part:

> The specific order relating to U.S.A. vs. Gilchrist, Docket NO:
> Dkc-02-0245 pertaining to Petite Policy or Order granted to U.S.
> Attorneys office for the District of Maryland in above cited case
> for ARMED CAR JACKING to be retried.

**Exhibit 1** (capitalization in original). Attached to the request was a copy of a Departmental press

release dated June 27, 2002 entitled "Largo Man Charged in Car Jacking and Four Bank

Robberies." *Id*.

5. By letter dated July 26, 2004, EOUSA issued an acknowledgment letter, noting that

the request had been designated No. 04-2365 for processing and stating in pertinent part:

> EOUSA makes every effort to process most requests within a
> month (20 working days). There are some exceptions, for
> example, Project Requests take approximately nine months to
> process. . . .
>
> By making a FOIA/PA request, you have agreed to pay up to $25,
> as stated in 28 CFR § 16.3(c), unless you have requested a fee
> waiver. . . . Normally, search time is charged at a rate of $28 per
> hour after the first two hours which are free, and duplication fees
> are $0.10 per page after the first 100 pages which are free.

**Exhibit 2** (FOIA/PA Form No. 001; Rev. 9/03).

6. Because the Requester sought records relating to his prosecution by the United States Attorney's Office for the District of Maryland (hereafter "USAO-MD"), that Office conducted the search for responsive records. The search yielded four pages of responsive documents.

7. By letter dated October 29, 2004, EOUSA advised the Requester that a three-page document was being withheld in full ("WIF") pursuant to certain specified FOIA/PA exemptions. **Exhibit 3.** The Requester was further advised that a one-page document was being referred by EOUSA to the Department's Criminal Division, as the originating component, which authorized its release in full ("RIF") on August 27, 2004 in connection with a separate request, as further described below. **Exhibit 4.**

**EOUSA REQUEST NO. 04-3179-R**

8. Subsequent to the Requester's June 2, 2004 request (No. 04-2365, above), EOUSA received another inquiry from the Requester, via an August 27, 2004 referral memorandum from the Criminal Division, which memorandum stated in pertinent part:

> SUBJECT: Derrell Gilchrist, CRM #200400734-P
>
> We are processing a Privacy Act request [dated April 15, 2004] from the person named above. We have located the attached records which originated in an office for which you are respon- sible. We are referring these records to you for direct reply to the Requester.

**Exhibit 5.** This referred request was designated EOUSA Request No. 04-3179-R.

9. The Criminal Division's August 27, 2005 referral forwarded a three-page document authored by the USAO-MD, which was located in Criminal Division files during the search for records responsive to the Requester's April 15, 2004 inquiry to the Criminal Division seeking:

> All information pertaining to "Order" granted by Dept. of Justice in
> USA vs. Gilchrist Docket No: DKC-02-0245, issued in 2002 to
> Office of the U.S. Attorney Greenbelt MD to permit the prosecu-
> tion of above case after acquittal in Prince George's County MD of
> same charge, also called "Petit Order" [sic].

**Exhibit 5.**

10. The three-page USAO-MD document referred by the Criminal Division to EOUSA in No. 04-3179-R was the same three-page document that had previously been located in response to EOUSA Request No. 04-2365. *Cf.* ¶ 7 above.

11. Apparently due to an administrative oversight, only two of the three pages referred by the Criminal Division were actually processed by EOUSA in Request No. 04-3179-R – *i.e.,* the USAO-MD's substantive two-page recommendation memorandum – rather than the accompanying cover sheet consisting of a one-page transmittal letter from the USAO-MD to the Criminal Division.

12. On September 30, 2004, EOUSA advised the Requester that two-page USAO-MD memorandum was being withheld in full pursuant to certain specified FOIA/PA exemptions. **Exhibit 6.**

## ADMINISTRATIVE APPEAL

13. By letter dated October 19, 2004, the Requester administratively appealed EOUSA's September 30, 2004 decision to withhold the two-page memorandum in Request No. 04-3179-R. **Exhibit 7.** The administrative appeal was received by the Department's Office of Information & Privacy ("OIP") on October 28, 2004, as noted in a November 16, 2004 acknowledgment letter. **Exhibit 8**; *accord* 28 CFR § 16.9.

14. OIP affirmed EOUSA's withholding of the two-page memorandum in Request No. 04-3179-R, on April 18, 2005, concluding that non-disclosure was proper under the Privacy Act, 5 U.S.C. § 552a(j)(2), and under FOIA, 5 U.S.C. § 552(b)(5) and (b)(7)(C). **Exhibit 9.**

15. By supplemental letter dated July 18, 2005, OIP corrected a prior misstatement regarding the status of the Requester's administrative appeal, stating as follows:

> By letter dated April 18, 2005, I affirmed the EOUSA's action on the two pages referred to it. Subsequently, by letter dated April 27, 2005, you were advised that your appeal "is still within our current backlog and has not yet been assigned . . . for processing." It has been determined by our letter of April 27, 2005, was sent in error. I regret the confusion caused by this administrative oversight.

**Exhibit 10**; _cf._ Complaint ¶ 7 (failing to note OIP's July 18, 2005 correction).

## THE RESPONSIVE RECORDS

16. As noted, four pages of responsive records were located in response to the Requester's requests – _i.e._: (a) a three-page recommendation memo and cover letter from the USAO-MD seeking a waiver of the Department's so-called "Petite" policy on dual prosecutions; and (b) a one-page decision memo from the Criminal Division granting the requested waiver.

17. At the administrative processing stage, the Criminal Division's one-page decision was released in full, but the USAO's three-page recommendation and cover letter were withheld in full. The Requester then sued to challenge the propriety of the three-page withholding. In an effort to narrow the dispute, the agency has decided, after supplemental review, to release the first page of the three-page USAO document (**Exhibit 11**), which consists of a cover letter dated April 18, 2002, transmitting the substantive underlying recommendation memorandum, as further addressed below.

THE CRIMINAL DIVISION'S DECISION DOCUMENT

18.  The one-page Criminal Division document – which was released in full (**Exhibit 4**) –

consists of a memorandum dated April 29, 2002, signed by John C. Keeney, Deputy Assistant

Attorney General, Criminal Division, and addressed to Thomas M. DiBiaggio, United States

Attorney, USAO-MD.  It states in pertinent part:

> After reviewing your request I have concluded that the <u>Petite</u>
> policy applies.  A waiver of the policy is appropriate however
> because the state prosecution has left a substantial federal interest
> unvindicated.  Accordingly you are authorized to prosecute Darrell
> [sic] Lamont Gilchrist for carjacking and use of a firearm during a
> crime of violence.

**Exhibit 4**.

19.  Upon locating this document during its search for responsive documents in No. 04-

2365, EOUSA referred it to the Criminal Division, as the originating component, for further

processing in accordance with Departmental FOIA regulations, which state:

> *Consultations and referrals.* When a component receives a request
> for a record in its possession, it shall determine whether another
> component . . . is better able to determine whether the record is
> exempt from disclosure under the FOIA . . . [and] either:
>
> (1) Respond to the request . . . after consulting with the [other]
> component . . . ; or
>
> (2) Refer the responsibility for responding to the request regarding
> that record to the component best able to determine whether to
> disclose it. . . . Ordinarily, the component . . . that originated a
> record will be presumed to be best able to determine whether to
> disclose it.

28 CFR 16.4(c).

20.  The Requester was duly informed of EOUSA's referral of the April 29, 2002

decision memorandum to the Criminal Division by means of EOUSA's final substantive

response to him in No. 04-2365, dated October 29, 2004.  **Exhibit 3.**  There is no dispute that the

Requester ultimately received from the Criminal Division its April 29, 2002 decision

memorandum (**Exhibit 4**) granting the <u>Petite</u> policy waiver, in full and without redaction, as

acknowledged in the Plaintiff-Requester's complaint (¶ 2) and exhibit 3 to the complaint.

THE USAO'S WAIVER RECOMMENDATION AND COVER LETTER

21.  The sole issue raised by the complaint apparently involves the releasability of the

USAO's three-page recommendation and cover letter seeking a waiver of the <u>Petite</u> policy.  At

the administrative processing stage, the agency consistently acted to protect the two-page

recommendation memo from disclosure in each of the Requester's two requests, although the

one-page cover letter was inadvertently not processed in connection with the second request.

More specifically, in Request No. 04-2365 (**Exhibit 3**), the entire three-page document was

processed and withheld pursuant to three cited FOIA/PA exemptions.  In Request No. 04-3179-R

(**Exhibit 6**) only the last two pages of the document – containing the substantive recommen-

dation – were processed and withheld under similar exemptions, while the first page or "cover

letter" was apparently overlooked as a responsive document and thus not processed.

22.  Upon supplemental review, and in an effort to narrow the dispute before the Court,

the agency has decided to release the one-page cover letter, which is attached as **Exhibit 11**.

Although it is an integral part of the three-page document – and, indeed, it is the only page

thereof to identify the sender, recipient, date, and other identifying particulars[1] – it does not

disclose the underlying basis for the <u>Petite</u> policy waiver recommendation that is at the heart of

this case.  Thus, after a supplemental review for segregability, the one-page cover letter is being

released, as a "discretionary" release, solely for purposes of this litigation and solely to reduce

the issue *sub judice* to the releasability of the underlying waiver recommendation memorandum,

and without any admission as to the qualifications of such cover letters under applicable

FOIA/PA exemptions.

**JUSTIFICATION FOR NON-DISCLOSURE OF THE**
**WAIVER RECOMMENDATION MEMORANDUM**

23.  The two-page memo that was withheld-in-full (sometimes hereafter referred to as

*"the withheld memo"*) consists of an intra-Departmental recommendation, dated April 18, 2002,

from the USAO-MD to the Criminal Division requesting a waiver of the so-called <u>Petite</u> policy

so as to authorize Federal prosecution notwithstanding prior state court proceedings.  The with-

held memo was deemed exempt from public disclosure by law pursuant to FOIA Exemptions

(b)(5) and (b)(7)(C),[2] as well as PA Exemption (j)(2), for the reasons set forth below.  5 U.S.C.

§§ 552(b)(5), (b)(7)(C); 552a(j)(2).

24.  In order to justify the agency's decision to withhold the USAO-MD's two-page <u>Petite</u>

policy waiver recommendation memorandum, the following explanation is hereby proffered,

under oath, to set forth both the factual particulars of the document in question and the applicable

---

[1] *See* **Exhibit 11** (reflecting that the <u>Petite</u> waiver recommendation was faxed from an Assistant United States Attorney in the USAO-MD to the Criminal Division's Witness Immunity Unit on April 18, 2002).

[2] While FOIA Exemption 7(D) (regarding confidential sources) was also asserted in No. 04-3179-R, it was not asserted in No. 04-2365 and is thus not being asserted here.

FOIA and PA exemptions applied to that document in accordance with <u>Vaughn v. Rosen</u>, 484

F.2d 820 (D.D.C. 1973), <u>*cert*. *denied*</u>, 415 U.S. 977 (1974), and its progeny.

## PRIVACY ACT NON-DISCLOSURE JUSTIFICATION

25. EOUSA processes all requests made by individuals for records pertaining to

themselves under both the Privacy Act and FOIA, so as to afford the maximum disclosure

authorized by law, consistent with applicable exemptions. Criminal case files maintained by

U.S. Attorney's Offices are part of a Departmental Privacy Act system-of-records known as

JUSTICE/USA-007. The Attorney General has promulgated regulations at 28 CFR §16.81

exempting USAO criminal case files from the PA's access provisions, as authorized by 5 U.S.C.

§552a(j)(2) ("subsection (j)(2)").

26. In subsection (j)(2) of the Privacy Act, Congress expressly authorized the

promulgation of regulations exempting from PA disclosure all records maintained by an agency

performing, as its principal function, activities relating to the enforcement of criminal laws:

> The head of any agency may promulgate rules . . . to exempt any system of
> records within the agency . . . if the system of records is . . .
>
> > (2) maintained by an agency . . . which performs as its principal
> > function any activity pertaining to the enforcement of criminal laws
> > . . . and which consists of
> >
> > > (A) information compiled for the purpose of identifying individual
> > > criminal offenders and alleged offenders . . . ;
> > >
> > > (B) information compiled for the purpose of a criminal
> > > investigation . . . ; or
> > >
> > > (C) reports identifiable to an individual compiled at any stage of
> > > the process of enforcement of the criminal laws from arrest or
> > > indictment through release from supervision.

5 U.S.C. § 552a(j)(2

27.  Pursuant to this delegation of authority, the Attorney General has promulgated

regulations exempting from PA disclosure information from USAO criminal case files – PA

system-of-records JUSTICE/USA-007 – pertaining to Federal criminal law enforcement:

> ### § 16.81 Exemption of United States Attorneys Systems—limited access.
>
> (a) The following systems of records are exempt from 5 U.S.C. 552a(c)(3)
> and (4), (d) [*i.e.,* the Privacy Act's accounting and access provisions, *inter
> alia*] : . . . (4) Criminal Case Files (JUSTICE/USA–007). . . .

28 CFR §16.81(a).

28.  Here, the Requester seeks information maintained in the criminal case files of the

USAO-MD pertaining to criminal law enforcement within the meaning of 5 U.S.C. § 552a(j)(2)

and 28 CFR § 16.81.  Those case files contain material directly associated with the Requester's

investigation and prosecution – as well as sensitive law enforcement records, recommendations,

and other information such as reports of potential witnesses, informants and investigators –

associated with identifiable individuals and retrievable by name or other personal identifier.

Accordingly, in both Requests No. 04-2365 and 04-3179-R,  EOUSA found that the Petite

waiver recommendation memo from the USAM-MD's criminal case file was not properly

disclosable under the PA, and next assessed whether it was releasable under FOIA.

## FOIA NON-DISCLOSURE JUSTIFICATION

29.  In both Requests No. 04-2365 and 04-3179-R, EOUSA found that the USAO's Petite

waiver recommendation was exempt pursuant to FOIA Exemptions 5 and 7(C), which protect

material covered by the attorney work-product and deliberative-process privileges, and infor-

mation that implicates law enforcement/privacy concerns, respectively, as next addressed.

## FOIA EXEMPTION (b)(5)

30. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three types of such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client materials.

31. EOUSA invoked FOIA Exemption (b)(5) in connection with the withheld memo to protect intra-agency law enforcement information and recommendations covered by the attorney work product and deliberative process privileges. The withheld memo contains the work product and prosecutorial recommendations of an Assistant United States Attorney in the USAO-MD to Departmental decision-makers in the Criminal Division.

32. The withheld memo reflects a prosecutor's interpretations and evaluations of the pertinent facts and law, as well as legal opinions pertinent to the Requester's criminal case and the Federal interest therein. The withheld USAO memo was prepared in anticipation of litigation and drafted by or at the request or direction of an attorney. It recommends law enforcement options and seeks approval by higher decision-makers. While the final decision upon that recommendation was released to the Requester in full (see **Exhibit 4**, reproducing the Criminal Division's April 29, 2002 decision on the Petite waiver request), public disclosure of the underlying recommendation would chill sensitive internal deliberations and stymie the effective enforcement of Federal criminal laws. To disclose the withheld memo would reveal pre-decisional communications among government officials related to litigation theories, issues, alternatives, and/or strategies. Disclosure would jeopardize the candid and comprehensive

deliberations essential for meaningful, efficient, and effective decision-making by Federal law enforcement agencies. The withheld memo was thus deemed classic Exemption (b)(5) material.

## FOIA EXEMPTION (b)(7)(C)

33. The USAO's recommendation memo was also deemed exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. All the information at issue was clearly compiled for law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of the Requester.

34. Exemption (b)(7)(C) was applied to the withheld memo in an effort to protect the identity of third-party individuals, such as potential witnesses and law enforcement personnel, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them – or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences – all to their detriment.

35. Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities and operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information. *Cf.* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with

the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law).

### SEGREGABILITY

36. Both pages of the withheld memo were evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA and/or PA exemption, and EOUSA determined that no meaningful portions of the document could reasonably be released without destroying the integrity of the document as a whole. As noted, while the two-page recommendation memo was withheld, both its associated transmittal (cover) letter and the final decision regarding that recommendation have been released in full and without redaction. The two-page withheld memo was carefully analyzed for segregability purposes, and no reasonably segregable non-exempt information has been withheld from the Requester.

### CONCLUSION

37. In conclusion, each step in the handling of this request has been consistent with applicable FOIA/PA procedures and regulations, which seek to ensure an equitable response to all persons seeking access to nonexempt agency records under the Freedom of Information and Privacy Acts.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 7, 2005.

ANTHONY J. CICCONE
Sr. Attorney Advisor, FOIA/Privacy Staff
Executive Office for U.S. Attorneys
United States Department of Justice

Page 13 of 13