UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRELL GILCHRIST,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　）　　Civil Action No. 05-1540 (RJL)
　　　　　　　　　　　　　　　　　）
DEPARTMENT OF JUSTICE,　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　Defendant.　　　　　　　　）
　　　　　　　　　　　　　　　　　）

**ORDER**

Pending before the Court is defendant's motion to dismiss or, in the alternative, for summary judgment. Because a ruling on defendant's motion potentially could dispose of this case, the Court will advise the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100,

1

102 (7th Cir. 1982)).

The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.* Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.

Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within 11 days of the date of service <u>or at such other time as the court may direct</u>, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. <u>If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded</u>.

Local Civil Rule 7(b) (emphasis added).

Accordingly, it is hereby

ORDERED that shall file his opposition or other response to defendant's summary

judgment motion not later than **November 23, 2005**. If plaintiff fails to file timely, the Court may treat the motion as conceded and may enter judgment for defendant.

SO ORDERED.

_____
RICHARD J. LEON
United States District Judge

DATE:
10/24/05