IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRELL GILCHRIST,

      PLAINTIFF,

      v.

DEPT. OF JUSTICE,

      DEFENDANT.

CIVIL ACT. NO:1:05cv1540 (RJL)

---

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff,Derrell Gilchrist,pro-se,respectfully moves this Court to deny Defendant's Motion for Summary Judgment based on the following:

**1. Summary Judgment would be premature for the following reasons.**

**II. In camera review needed and discovery to effectuate justice;** Plaintiff challenges the Dept. of Justice's invocation of exemptions 5 U.S.C.§552(b)(5),(b)(7)(C),and 5 U.S.C.§552a(j)(2). An in camera inspection is warranted of the documents at issue to determine whether such records or any part thereof shall be withheld under any of the [statutory exemptions]. The 2 page titled"Recomendation Letter"reviewed by Anthony J. Ciccone (Sr. Attorney Advisor,FOIA/Privacy Staff) does not give sufficient explanations of each page to conclude it's reliance on exemptions or segregability of documents.See Trans-Pacific Policing Agreement v. United States Customs Serv.,177 F.3d 1022,1028(D.C.Cir.1999) (Holding that a District Court has the obligation to consider the segregability issue sua sponte,regardless of whether it has been raised by the parties,noting that we had many times remanded

(1)

in cases where the District Court had failed to rule on segregability).
If a document contains exempt information,the agency is obligated
to release "any reasonably segregable portions" after deletion
of the nondisclosable portions.The Vaughn Index provided offerd
insufficient justification for it's claim that none of the withheld
documents could reasonably be segregated for release.

Federal Rules of Civil Procedure 56(f) provides that a
court may deny a motion for summary judgment or order a continuance
to permit discovery if the party opposing the motion adequately
explains why,at that timepoint,it cannot present by affidavit
facts needed to defeat the motion.It is well established that
the Privacy Act and FOIA provide separate routes for obtaining
information.Where as here a person files requests under both
Acts,an exemption must apply from each Act in order for the material
to be withheld.See Martin v. Malhoyt,830 F.2d 237,256(D.C.Cir.1987)
("Indeed,parties should be afforded a reasonable opportunity
to complete discovery before grappling with a Summary Judgment
Motion).Thus plaintiff submitts that the Dept. of Justice has
not fullfilled it's duty,further discovery in the form of interaga-
tories under Rule 33 of the Federal Rules of Civil Procedure
from Thomas DiBiagio(United States Attorney) and Deborah A. Johnston
(Assistant United States Attorney) limited to the subject of
this matter would shed light on the true nature and scope of
information obtained by the United States Attorney's Office-District
of Maryland,possesion of other material relevant to request,conversa-
tions pertaining to request,date of commencement of gathering
information.

The FOIA was enacted to promote honesty and reduce waste in government by exposing an agency's performance of it's statutory duties to public scrutiny."The basic purpose of FOIA is to ensure an informed citizenry,vital to the fumctioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed".See Smith v. U.S. Dept. Of Justice, 251 F.3d 1047,1050(D.C.Cir.2001).

III. Dept.OOf Justice-Criminal Div/Executive Office Of United States Attorney's construed Plaintiff's request to narrowly:

Plaintiff's request on April 15,2004 stated: **All information pertaining to "Order" granted by Dept. of Justice in USA vs. Gilchrist Docket No:DKC-02-0245 issued in 2002 to Office of the Us Attorney Greenbelt MD.To permit the prosecution of above case after acquittal in Prince Georges County MD of same charge, also called "Petit Order".**(See Initial Request,Exhibit#11). This search should have encompassed not only the 4 pages retrieved by Defendant but documents held by and submitted,to the United States Attorney for the District of Maryland,by Lynne Hunt (Federal Bureau of Investigation),Prince Georges County Police Dept.,and Prince Georges County Prosecutors Office leading up to the decision to request waiver of Petite Policy that were discloseable under FOIA/PA.The FOIA requires disclosure only of "agency records",which are documents created or obtained by agency and under agency's control at the time the FOIA request was made.See Lacedra v. Executive Office For U.S. Attorney's,317 F.3d 345(D.C.Cir.2003)(In view of agovernment's obligation to construe request for records under

the Freedom of Information Act(FOIA)liberally,request which first asked generally for "all documents pertaining to" criminal case that was prosecuted by agency office,but which then enumerated certain specifically requested items,should have been construed by agency as requesting all documents concerning case,not just enumerated documents,agency's interpretation that general request only identified location where specifically requested documents might be found was implausible).Defendant failed to adequately search their records because they did not consider in their search any documents created by or maintained by agency employees.

For governmental agency to be entitled to summary judgment on its claim that it has fully discharged its disclosure obligations under Freedom of Information Act,agency bears burden of showing that there is no genuine issue of material fact,even when underlying facts are viewed in light most favorable to requester,and,furthermore, when adequacy of agency search for requested material is that issue,agency must show beyond reasonable doubt that it has conducted search reasonably calculated to uncover all relavant documents. See Weisburg v. U.S. Dept. of Justice,705 F.2d 1344(1983). Plaintiff maintains that the Department of Justice-Criminal Div./Executive Office For United States Attorney's was neglgent in the handeling and dispursement of records.

WHEREFORE,plaintiff would move this Honorable Court to Deny Defendant's Motion for Summary Judgment and any further relief that the court sees fit.

(4)

Respectfully submitted,

DATED:FEBRUARY 1,2006

DERRELL GILCHRIST,pro-se
#37284-037
U.S.P.LEWISBURG
P.O.BOX#1000
LEWISBURG,PA 17837

COPIES SENT TO:

HEATHER R. PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
CIVIL DIVISION
555 4th STREET,N.W.,RM.E4212
WASHINGTON,D.C. 20530