**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DERRELL GILCHRIST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-1540 (RJL)** |
| ) | **ECF** |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S REPLY**

On October 16, 2005, Defendant filed its Motion for Summary Judgment ("Defendant's MSJ") in this FOIA case. On February 1, 2005, Plaintiff filed his Opposition (this Opposition was received by Defendant via ECF on February 9, 2006, and by mail on February 15, 2006). Defendant hereby replies to Plaintiff's Opposition.

**I.      In Camera Review is Unwarranted**.

Plaintiff requests that the Court conduct an *in camera* review of the two-page memorandum that has been withheld in full because the Declaration by Anthony J. Ciccone "does not give sufficient explanations of each page to conclude its reliance on exemptions or segregability of documents." Plaintiff's Opposition at 1. Plaintiff's assertions are incorrect, as the Ciccone Declaration expressly describes the contents of the withheld memo and analyzes the memo for segregability. Given the level of detail provided by the Ciccone Declaration, *in camera* review by the Court is wholly unwarranted and would be a waste of scarce judicial resources.

The decision whether to review in camera documents withheld from production in response to a FOIA request is within the discretion of the District Court. <u>See</u>, <u>e.g.</u>, <u>Accuracy in</u>

Media, Inc. v. National Park Serv., 194 F.3d 120, 124-25 (D.C. Cir. 1999) (reviewing decision

not to review in camera documents for an abuse of discretion), cert. denied, 529 U.S. 1111

(2000).  *In camera* review, however, is generally disfavored.  See PHE, Inc. v. United States

Dep't of Justice, 983 F.2d 248, 252-53 (D.C. Cir. 1993); Williams v. Federal Bureau of

Investigation, 822 F. Supp. 808, 814 (D.D.C. 1993), aff'd in part and remanded in part, 76 F.3d

1244 (D.C. Cir. 1994), quoting Schiller v. National Labor Relations Board, 964 F.2d 1205, 1209

(D.C. Cir. 1992).  Indeed, such review typically is appropriate only if an agency's affidavits are

insufficiently detailed to permit meaningful review of exemption claims, or there is evidence of

agency bad faith.  See, e.g., Accuracy in Media, 194 F.3d at 125; Delviscovo v. Federal Bureau

of Investigation, 903 F. Supp. 1, 3 (D.D.C. 1995) (finding *in camera* review unnecessary and

inappropriate where agency submits sufficient declaration in support of dispositive motion).  As

stated by the Court in Assassination Archives and Research Center v. C.I.A., 177 F. Supp. 2d 1

(D.D.C. 2001),  *aff'd on appeal*, 334 F.3d 55 (2003), for the Court to "require the CIA to produce

. . . the . . . contents would defeat the purpose of the FOIA exemptions. . . .The agency may file

affidavits to meet its burden of demonstrating that documents were properly withheld from

disclosure."

     In Defenders of Wildlife v. U.S. Dept of Agriculture, 311 F. Supp.2d 44, 56 (D.D.C.

2004), the Court held that "[w]hile there is no set form for a *Vaughn* index, the agency should

describe the documents with 'as much information as possible *without thwarting the exemption's*

*purpose*.' " Id., quoting King v. Dept of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987) (emphasis

added).  All a defendant must do is provide " 'a relatively detailed justification, specifically

identifying the reasons why a particular exemption is relevant and correlating those claims with

the particular part of a withheld document to which they apply.' " Id. at 56-57, quoting Mead

Data Cent., Inc. v. Dept of Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).  This the Defendant

has done.  Indeed the portion of the Ciccone Declaration that explains in detail the agency's

grounds for withholding the two-page memorandum as well as its segregability analysis is six

pages long – four pages longer than the withhold memorandum itself.  See Defendant's MSJ and

attached Ciccone Decl. at 8-13.

Moreover, two of the four pages of responsive records were already deemed "segregable"

and released to Plaintiff in full.  See, e.g., Ciccone Decl. ¶¶ 16-17, 23-24.  The only document

not released was a two-page prosecutorial recommendation memorandum.  As to that document,

Mr. Ciccone, who personally reviewed the two-page memorandum withheld in full, verified that

the entirety of the memorandum consisted of "a prosecutor's interpretations and evaluations of

the pertinent facts and law, as well as legal opinions," and "was prepared in anticipation of

litigation."  Id. at ¶ 32.  He additionally verified that the memorandum contained "information

compiled for law enforcement purposes," and that release "could subject [] persons to an

unwarranted invasion of their personal privacy."  Id. at ¶ 34.  Mr. Ciccone further determined

that the two-page memorandum "was carefully analyzed for segregability purposes and no

reasonably segregable non-exempt information has been withheld from [Plaintiff]."

Mr. Ciccone's Declaration is challenged only to the extent Plaintiff baldly asserts that

EOUSA should release "any reasonably segregable portions."  Plaintiff's Opposition at 2.  Such

a vague and unsupported statement should not be sufficient to trigger the investment of judicial

resources in reviewing the two-page memorandum.  Accord Matsushita Electric Industrial Co. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmovant cannot manufacture genuine issues of

material fact with "some metaphysical doubt as to the material facts,"). Accordingly, Plaintiff's request for *in camera* review of the two-page memorandum withheld in full should be denied.

## II.    Discovery is Inappropriate in this FOIA Action.

Equally without merit is Plaintiff's request for "further discovery in the form of interrogatories" in this FOIA action. The sole support for this request is the conclusory assertion that "the Dept. of Justice has not fulfilled its duty" in providing sufficient justification for withholding the two-page memorandum, or justifying the adequacy of its search. Plaintiff's Opposition at 2. Plaintiff's assertions are patently without merit. As discussed above, the Ciccone Declaration fully details the Defendant's grounds for withholding in full the two-page prosecutorial recommendation at issue in this case. The Ciccone Declaration likewise addresses the scope of the search in detail. See Part III, below.

Moreover, it is well settled that "discovery is to be sparingly granted in FOIA actions." Public Citizen Health Research Group v. Food and Drug Administration, 997 F. Supp. 56, 72 (D.D.C. 1998); Code v. FBI, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); see also Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"). Importantly, the Court of Appeals has noted that discovery is not appropriate and should be denied where the declarations of the Government are reasonably detailed, submitted in good faith, and the court is satisfied that no factual dispute remains. See Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978); SafeCard Servs. v. SEC, 926 F.2d at 1200-02; see also, Becker v. IRS, 34 F.3d 398, 406 (7th Cir. 1994). The Ciccone Declaration meets this standard.

Plaintiff has not even alleged, much less demonstrated, that Defendant's declaration was

submitted in bad faith. It is plain from the face of the Declaration that it was not. This should

end the matter. <u>Carney v. DOJ</u>, 19 F.3d 807 (2d. Cir.), <u>cert. denied</u>, 513 U.S. 823 (1994) (where

agency's affidavits are adequate on their face, discovery should be denied); <u>Goland v. CIA</u>, 607

F.2d at 366; <u>see also</u> <u>SafeCard Servs., Inc.</u>, 926 F.2d at 1200-02. Because Plaintiff has failed to

adequately explain "why, at [this] point in time, he cannot present by affidavit facts needed to

defeat the agency's motion for summary judgment," this Court should deny Plaintiff's request to

permit discovery. <u>See</u> <u>Strang v. United States Arms Control & Disarmament Agency</u>, 864 F.2d

859, 861 (D.C. Cir.1989), <u>remanded</u>, 722 F. Supp. 805 (D.D.C.1989), <u>vacated on other grounds</u>,

920 F.2d 30 (D.C. Cir.1990); <u>Code v. FBI</u>, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997);

<u>Nation Magazine v. US Customs Serv</u>., No. 94-00808, slip op. at 9 (D.D.C. May 21, 1997)

(denying discovery because plaintiff's affidavit failed to raise genuine issue of material fact).

### III.    EOUSA Conducted a Thorough Search for the Requested Documents.

   Finally, Plaintiff challenges the thoroughness of Defendant's search for, and production

of, responsive documents. Plaintiff's Opposition at 3. It is undisputed that Plaintiff's FOIA

request asked for:

> All information pertaining to "Order" granted by Dept. of Justice in
> USA vs. Gilchrist Docket No.: DKC-02-0245, issued in 2002 to
> Office of the U.S. Attorney Greenbelt MD to permit the prosecution
> of above case after acquittal in Prince George's County MD of
> same charge, also called "Petit Order" [sic]

<u>See</u> Defendant's MSJ, Ciccone Declaration and Exhibit 5 thereto. Plaintiff now argues – without

any evidence whatsoever – that Defendant interpreted this request too narrowly because the

"search should have encompassed not only the 4 pages retrieved by Defendant but documents

held by and submitted to the United States Attorney for the District of Maryland, by Lynne Hunt

(Federal Bureau of Investigation), Prince Georges County Police Dept., and Prince Georges County Prosecutors Office leading up to the decision to request waiver of Petite Policy that were discloseable under FOIA/PA." Plaintiff's Opposition at 3. Importantly, Plaintiff's assertions that any such documents exist amount to pure speculation. Plaintiff's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994), quoting Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991); Oglesby v. Department of Army, 920 F.2d 57, 67 n.3 (D.C. Cir. 1990) ("hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search").

When a FOIA request is pending, the agency is only able or obligated to release material that it actually has. See Maynard, 986 F.2d at 564 ("The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it."). In short, the undisputed evidence before the Court on Defendant's MSJ is that both EOUSA and the Criminal Division conducted a search for "all documents" pertaining to the "Petit[e] Order," and four responsive documents were found. Defendant's MSJ, Ciccone Decl. at ¶ 16.

Moreover, although the adequacy of the search is measured by a "standard of reasonableness," and depends heavily on "the circumstances of the case," the agency can reasonably limit its production to the information actually requested. Id.; Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir.1990); Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir.1984); McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1100-01 (D.C.

Cir.1983).  Plaintiff's reliance on <u>Lacedra v. EOUSA</u>, 317 F.3d 345 (D.C. Cir. 2003) is

misplaced.  It is patently obvious that Plaintiff's FOIA request did not ask Defendant to process

his entire criminal file, and Defendant's search reasonably interpreted Plaintiff's request as

written, producing all documents related to the Petite Order.  There is no evidence in the record

to the contrary, and the Court should therefore grant Defendant's MSJ.


Dated: February 15, 2006.                    Respectfully submitted,

                                             /s/_____
                                             KENNETH L. WAINSTEIN
                                             D.C. Bar # 451058
                                             United States Attorney

                                              /s/_____
                                             R. CRAIG LAWRENCE
                                             D.C. Bar # 171538
                                             Assistant United States Attorney

                                              /s/_____
Of Counsel:                                  HEATHER R. PHILLIPS
                                             C.A. Bar # 19620
Anthony J. Ciccone                           Assistant United States Attorney
FOIA/Privacy Staff                           Civil Division
Executive Office for                         555 4th Street, N.W., Rm E4212
  United States Attorneys                    Washington, DC 20530
Department of Justice                        (202) 514-7139

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRELL GILCHRIST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-1540 (RJL)** |
| ) | **ECF** |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Upon consideration of defendant's Motion for Summary Judgment, the Opposition

thereto, and te entire record herein, it is this ____ day of _____, hereby

ORDERED that the defendant's motion is hereby GRANTED and this case is hereby

DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

ECF service to counsel of record

By mail to:     Derrell Gilchrist, Pro Se
                Reg. No. 37284-037
                United States Penitentiary
                P.O. Box 1000
                Lewisburg, PA 17837

## **CERTIFICATE OF SERVICE**

I certify that on February 15, 2006 a copy of the foregoing was served by regular United

States mail, postage pre-paid, upon:

Derrell Gilchrist, Pro Se
Reg. No. 37284-037
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837


_/s/_____
Heather R. Phillips