UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRELL GILCHRIST,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1540 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION and ORDER

This matter is before the Court on defendant's motion for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of the case, the Court will deny the motion without prejudice.

### I. BACKGROUND

In 2004, plaintiff submitted two requests for information under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to components of the United States Department of Justice.

#### A. Criminal Division

In April 2004, plaintiff submitted to the United States Department of Justice, Criminal Division ("Criminal Division"), a FOIA request for the following:

> All information pertaining to "order" granted by Dept. of Justice in USA vs. Gilchrist[,] Docket No.: DKC-02-0245 issued in 2002 to Office of the US Attorney[,] Greenbelt[,] MD[,] to permit the



> prosecution of above case after acquittal in Prince George[']s County MD of same Charge, aslo [sic] called "Petit Order."

Mem. of P.&A in Support of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Ciccone Decl., Ex. 5. On August 27, 2004, the Criminal Division notified plaintiff that one responsive record had been located, and released that record in full. Compl., Ex. 3 (Response to Request No. CRM-200400734-P). That record was a copy of an April 29, 2002 letter from J.C. Keeney, Deputy Asst. Attorney General, Criminal Division, to the United States Attorney for the District of Maryland regarding the "Dual Prosecution of Darrell Lamont Gilchrist." *Id.* In addition, the Criminal Division notified plaintiff that records which originated with the Office of the United States Attorney for the District of Maryland had been referred to the Executive Office for United States Attorneys ("EOUSA") for that component's direct response to him. *Id.*

Upon receipt of the referral, the EOUSA assigned the matter a request number (No. 04-3179-R). *See* Ciccone Decl., Ex. 5. On September 30, 2004, the EOUSA notified plaintiff that all of the responsive records (one three-page document) were withheld in full under Exemptions 5 and 7(C). Compl., Ex. 4; Ciccone Decl. ¶¶ 11-12.

Plaintiff appealed the EOUSA's September 30, 2004 decision to the Justice Department's Office of Information and Privacy ("OIP"). Compl., Ex. 6 (Appeal of Request No. 04-3179-R). OIP affirmed the EOUSA's decision. *Id.*, Ex. 9 (Response to Appeal No. 05-0285).

### B. Executive Office for United States Attorneys

In the request to the EOUSA, plaintiff sought:

> The specific order relating to U.S.A. vs[.] Gilchrist, Docket NO: Dkc-02-0245 pertaining to Petite Policy or Order granted to U.S. Attorneys [sic] office for the District of Maryland in above cited case for ARMED CAR JACKING to be retried.

2

Def.'s Mem., Ciccone Decl., Ex. 1 (FOIA request dated June 2, 2004) (capitalization in original). The EOUSA acknowledged receipt of the request (assigned Request No. 04-2365) by letter dated July 26, 2004. Compl., Ex. 2. A search yielded four pages of responsive records. Ciccone Decl. ¶ 7. On October 29, 2004, EOUSA staff notified plaintiff that a three-page document had been located, and that all pages were withheld in full under Exemptions 5, 7(C) and 7(D). Compl., Ex. 5. In addition, the letter informed plaintiff that staff referred one document (one page) to the Justice Department's Criminal Division for that component's direct response. *Id.* The Criminal Division released that document in full on January 6, 2005. *Id.*, Ex. 8. This document was another copy of the April 29, 2002 letter from J.C. Keeney, Deputy Assistant Attorney General, Criminal Division, to the United States Attorney for the District of Maryland authorizing the prosecution of Darrell Lamont Gilchrist for carjacking and use of a firearm during a crime of violence notwithstanding his prosecution in state court for offenses involving the same transactions. *See* Compl. ¶ 6 & Ex. 3.

The document referred by the Criminal Division to the EOUSA was the same document found in the EOUSA's records, a "three-page recommendation memo and cover letter from the USAO-MD seek a waiver of the Department's so-called "Petite" policy on dual prosecutions." Ciccone Decl. ¶¶ 11, 16. Since this litigation began, defendant has released the first page of this document, a "cover letter dated April 18, 2002, transmitting the substantive underlying recommendation memorandum." *Id.* ¶¶ 17, 22 & Ex. 11. The decision itself was released in full by both the Criminal Division and the EOUSA.

## II. DISCUSSION

### A. Summary Judgment Standard

3

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The Court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency is obligated to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920

---

[1] In support of its summary judgment motion, defendant submits the declaration of Anthony J. Ciccone, Senior Attorney Advisor assigned to the EOUSA's Freedom of Information & Privacy Staff. Ciccone Decl. ¶ 1. In this capacity, he "act[s] as liaison with other Departmental components regarding FOIA/PA matters and oversee[s] the processing of FOIA/PA requests for records maintained by the EOUSA or any of the 93 United States Attorneys' offices nationwide." *Id.* ¶ 2. He is personally familiar with plaintiff's FOIA requests, and makes his declaration based upon his "review of Departmental files, information acquired through the performance of [his] official duties, and [his] own personal knowledge." *Id.* ¶ 3.

F.2d at 68 (citing *Weisberg*, 745 F.2d at 1485). An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 180 F.3d at 326).

Plaintiff challenges the adequacy of defendant's search for responsive records. He argues that defendant "construed [his] request to[o] narrowly" because the EOUSA and Criminal Division's searches focused only on the "Petite" Order, and failed to encompass "documents held by and submitted to the United States Attorney for the District of Maryland, by Lynne Hunt (Federal Bureau of Investigation), Prince George[']s County Police Dept., and Prince George[']s County Prosecutor[']s Office leading up to the decision to request waiver of the Petite Policy." Pl.'s Opp. at 3.

Plaintiff's opposition points out a glaring deficiency in defendant's motion and supporting declaration. Defendant offers no explanation of the search or searches conducted by either Justice Department component. The declarant states only that the "United States Attorney's Office for the District of Maryland . . . conducted the search for responsive records." Ciccone Decl. ¶ 6. He neither describes the records searched nor the method by which agency staff conducted the search. Although plaintiff alleges in his complaint that he submitted a separate FOIA request to the Criminal Division, defendant does not explain that component's handling of the request. Defendant's motion for summary judgment will therefore be denied because it does not establish that the search for records was reasonable and adequate under the circumstances.

5

Accordingly, it is hereby

ORDERED that plaintiff's motion for a Vaughn index [Dkt. #3] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that defendant's motion for summary judgment [Dkt. # 11] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

RICHARD J. LEON
United States District Judge

DATE:

2/23/06