**EXHIBIT 1**
to Ciccone Declaration

<u>**Gilchrist v. DOJ**</u>, No. 05-1540

## FREEDOM OF INFORMATION/PRIVACY ACT
### REQUEST ACT OF 1974

TO: Marie A. O'Rourke, Assistant Dir.    FROM: Derrell L.Gilchrist#37284-037

FOIA/PA, Executive Office for U.S    U.S.Penitentiary P.O. Box#1000

Attorneys,Dept.of Just.,Room7300    Lewisburg, PA 17837

 600 E.St ,N.W. Wash.,DC 20530

    Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and
parts thereof, I, the undersigned, also identified above in the upper
right-hand section, hereby respectfully request the following information:

The specific order relating to U.S.A vs Gilchrist,Docket NO:Dkc-02-0245 pertaining

 to Petite Policy or Order granted to U.S Attorneys office for the District of

 Maryland in above cited case for ARMED CAR JACKING to be retried.

See attached documents:

    If there are applicable rules and regulations governing your agency
in such matters, please forward them to me so that I might comply with
them per the FOI Act of 1974.

    If for any reason any of the above requested information or material
is deemed to be privileged and exempt under FOI, please specify the
statutory reasons for the exemption, the name and title of the person(s)
making the decision to withhold the material.

    Per the dictates of the Freedom of Information Act of 1974, your
agency has ten (10) working days to respond to this request. In the event
I do not recieve a response by that time, I will deem deem this formal
request denied, and seek judicial remedy.

Dated:  6/2/04    Sumitted by: _Derrell L Gilchrist_
                                           Requester

Sworn and subscribed before me this  2  day of  June ,  19  2004 . I, the Federal Prison
Case Manager of the above named person, verify that the above person appeared before
me - and is who he claims to be.    _W.W.g_
                                                    Case Manager/Notary Public

**FILE COPY**    "W.W. Wagner, Jr., Case Manager"
EOUSA #04-2365    Authorized by the Act of July 7,
                            1955, as amended, to administer
                            oaths (18 USC 4004).

CERTIFICATION OF IDENTIFICATION

In accordance with 28 C.F.R. Section 16.4(d). Verification of identity the requester's full name, current address, date of birth, place of birth, social security number and simple signature are provided. Notary is provided at bottom of document.

FULL NAME OF REQUESTER: Derrell L Gilchrist #37284-037

CURRENT ADDRESS: P.O Box#1000, Lewisburg, PA 17837

DATE OF BIRTH: September 22,1975

PLACE OF BIRTH: Washington, DC

SOCIAL SECURITY NUMBER: 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

SAMPLE SIGNATURE: _Derrell L Gilchrist_

I aver that I am the individual above and that I fully understand that; Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years or both. 18 U.S.C. Section 1001.

_Derrell L Gilchrist_                    Executed On: 6/2/04

APPROPRIATE FEE PROVISION(s) FOR REQUEST
(Apply checked boxes to requested information)

[  ]   5 U.S.C. Section 552(a)(4)(A)(ii) provides: "No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.00."

[  ]   5 U.S.C. Section 552(a)(4)(A)(iii) provides: "If disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commerical interest of the requester."

[ X ]   5 U.S.C. Section 552(a)(4)(A)(iv)(II) provides: "No fees may be charged by any agency under this section (II) for any request described in clause (ii)(II) or (III) of this subparagraph for the first hundred pages of duplication."

[  ]   28 C.F.R. Section 16.10(a) provides: "The requester notifies in advance that he is willing to pay up to $25.00 in fees."

_Derrell L Gilchrist_                    Executed On: 6/2/04
Signature of Pro Se Requester
WW/DD "Q"

Sworn to Before me, this, 2, day of, Jun, 2004

_WW Wagner_                    "W.W. Wagner, Jr., Case Manager"
Parole Officer, Notary Public Seal    Authorized by the Act of July 7,
                                      1955, as amended, to administer
                                      oaths (18 USC 4004).

JUNE 27, 2002
FOR IMMEDIATE RELEASE
FOR FURTHER INFORMATION CONTACT
VIRGINIA B. EVANS
(410) 209-4885

## LARGO MAN CHARGED IN CAR JACKING AND FOUR BANK ROBBERIES

Greenbelt, Maryland - Thomas M. DiBiagio, the United States Attorney for the District of Maryland, and Lynne Hunt, Special Agent in Charge, Federal Bureau of Investigation, announced today that a federal grand jury sitting in Greenbelt returned a twelve count Superseding Indictment against , age 26, of Largo, Maryland, charging him with four armed bank robberies that occurred in Maryland between March and June 2001, conspiracy, armed car jacking and being a felon in possession of a firearm. For each crime of violence, Gilchrist is also charged with using and carrying a weapon in furtherance of the crime.

The Superseding Indictment charged that the following Maryland banks were robbed: the Colombia Bank on Greenway City Drive in Greenbelt, Maryland; the Bank of America on Lake Arbor Drive in Mitchellville, Maryland; Suntrust Bank on 62nd Avenue in Landover, Maryland and Potomac Valley Bank on Sangamore Road.

The car jacking charge arises out of the car jacking of a Prince George's County Police Officer in July 2001. Gilchrist is alleged to have lain in wait for the officer before he used a gun to forcibly take the officer's unmarked police vehicle. According to affidavits filed in the case, Gilchrist's fingerprints were found on the car after it was abandoned immediately following the car jacking. The conspiracy charge of the Superseding Indictment also includes a fifth bank robbery, whereby Gilchrist allegedly committed an armed bank robbery in Virginia less than two hours after the car jacking.

The maximum penalties for the bank robbery charges are 25 years imprisonment; 25 years imprisonment for car jacking; 5 years imprisonment for conspiracy; 10 years for being a felon in possession of a firearm and a mandatory consecutive sentence of at least 5 years on each firearm count pertaining to the crimes of violence. For each count of the Superseding Indictment, Gilchrist also faces a $250,000 fine.

Gilchrist is charged by means of an indictment. An indictment is merely a charging document. A defendant is presumed innocent unless and until proven guilty beyond a reasonable doubt at a later criminal proceeding.

The investigation was conducted by the Federal Bureau of Investigation, and the Prince George's County Police Department. The prosecution is being handled by Assistant United States Attorneys Sandra Wilkinson.

**Home**                                              **Back**                                   **DOJ Privacy Policy**

Inmate Name Derrell L Gilchrist
Register Number: 37284-037

United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837





Marie A. O'Rourke, Assistant Dir.
FOIA/Privacy Unit (EOUSA)
Dept. of Justice
Room 7300, 600 E Street, N.W.
Washington, DC 20530



JUN - 9 2004

*Freedom of Information Act Request*          *Freedom of Information Act Request*

**EXHIBIT 2**
to Ciccone Declaration

<u>Gilchrist v. DOJ,</u> No. 05-1540



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-2365

JUL 2 6 2004

Subject: SELF (SPECIFIC RECORD)

Requester: DERRELL L. GILCHRIST

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If you anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

**EXHIBIT 3**
**to Ciccone Declaration**

<u>Gilchrist v. DOJ</u>, No. 05-1540



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C.  20530*
*202-616-6757  Fax 202-616-6478*

Requester:___**Derrell L. Gilchrist**_____Request Number:_____**04-2365**_____

Subject of Request:_____**Self (Specific Records)**_____

Dear Requester:                                                              OCT 2 9 2004

     Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

     To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. §16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [   ] partial [ X ] full denial.

     Enclosed please find:

_____ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
___**3**___ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

| ~~Section 552~~ | | | ~~Section 552a~~ | |
|---|---|---|---|---|
| [ ] (b)(1) | [   ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) | |
| [ ] (b)(2) | [ X ] (b)(5) | [X] (b)(7)(C) | [   ] (k)(2) | |
| [ ] (b)(3) | [   ] (b)(6) | [ ] (b)(7)(D) | [   ] (k)(5) | |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ | |
| _____ | | [ ] (b)(7)(F) | | |

     [  ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)
Form No. 021- no fee - 2/04

**FILE COPY**

[ X ]    A review of the material revealed:

    [ X ]    _1_    page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:   **1 Page to U.S. Department of Justice Criminal Division**.

    [   ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    [ X ]    See additional information attached.

    This is the final action this office will take concerning your request.

    You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

    Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee - 2/04

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual.

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information complied in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k)(1)    information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

**EXHIBIT 4**
**to Ciccone Declaration**

**Gilchrist v. DOJ**, No. 05-1540

**REQUESTER'S NAME:** _Gilchrist, Dessell_

**EOUSA File #:** _04-2365_

# DOCUMENTS REFERRED

1 Page to Criminal

**U.S. Department of Justice**

Criminal Division

---

Office of the Assistant Attorney General                    Washington, DC 20530-0001

APR 29 2002

The Honorable Thomas M. DiBiagio
United States Attorney
District of Maryland
Greenbelt, Maryland  20770-1249

Attention Deborah A. Johnston
          Assistant United States Attorney

Dear Mr. DiBiagio:

    Re:  <u>Dual Prosecution of Darrell Lamont Gilchrist</u>

    This refers to your request pursuant to the Department's
<u>Petite</u> policy to prosecute Darrell Lamont Gilchrist for
carjacking and use of a firearm during a crime of violence,
notwithstanding his prosecution in state court for offenses
involving the same transactions.

    After reviewing your request I have concluded that the
<u>Petite</u> policy applies.  A waiver of the policy is appropriate
however because the state prosecution has left a substantial
federal interest unvindicated.  Accordingly you are authorized to
prosecute Darrell Lamont Gilchrist for carjacking and use of a
firearm during a crime of violence.

                         Sincerely,


                         Michael Chertoff
                         Assistant Attorney General


                         John C. Keeney
                         John C. Keeney
                         Deputy Assistant Attorney General
                         Criminal Division

FROM U.S. ATTTORNEY'S     OFFIC          (THU) 9. 8'05 17:1   'T. 17:12/NO. 4861391204 P  8

**U.S. Department of Justice**

Criminal Division

_____

*Washington, D.C. 20530*

CRM-200400734-P

AUG 2 7 2004

Mr. Derrell L. Gilchrist
USP Lewisburg
P.O. Box 1000
Lewisburg, PA  17837

Dear Mr. Gilchrist:

       This is in response to your request of May 13, 2004, for access to records concerning yourself.

       We located one Criminal Division record (item 1) within the scope of your request. We have processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute, or considered appropriate as a matter of discretion.

       In light of our review, we have determined to release item 1 in full. A copy is enclosed.

       We also located records which originated with the Office of the United States Attorney for the District of Maryland. Pursuant to Department practice, we have referred these records to the Executive Office for United States Attorneys for review and direct response to you.

       Sincerely,

*Thomas J. McIntyre*

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

( **EXHIBIT#3**)

**EXHIBIT 5**
**to Ciccone Declaration**

**Gilchrist v. DOJ**, No. 05-1540



**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C.  20530*

AUG 2 7 2004

**MEMORANDUM**

TO:      Marie O'Rourke
           Executive Office for United States Attorneys
           Room 7100 - BICN

FROM:    Thomas J. McIntyre, Chief
           FOI/PA Unit, Office of Enforcement Operations
           Criminal Division - Suite 1127, 1301 New York Ave.

SUBJECT: Derrell Gilchrist, CRM #200400734-P

      We are processing a Privacy Act request from the person named above.  We have located the attached records which originated in an office for which you are responsible.  We are referring these records to you for direct reply to the requester.  We have also attached a copy of the request letter for your assistance and have advised the requester of this referral.

      Please address correspondence to us concerning this matter to:  Thomas J. McIntyre, Chief, Freedom of Information/Privacy Act Unit, Office of Enforcement Operations, Criminal Division, Department of Justice, Washington, D.C.  20530.  Attention:  Mrs. Matthews, (202) 616-0307.

**FILE COPY**

EOUSA #04-3179-R

**REQUESTER'S NAME:** _Gilchrist, Derrell_

**EOUSA File #:** _04-3179-R_

# REQUESTER'S INITIAL FOIA LETTER

## FREEDOM OF INFORMATION/PRIVACY ACT
### REQUEST ACT OF 1974

TO: Criminal Division, US Dept. of Justice WCTB Bldg., Suite 1075, Wash. DC 20530-0001

FROM: Derrell Lamont Gilchrist #37284-037, US P POBox 1000 Lewisburg, PA 17837

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

All information pertaining to "Order" granted by Dept of Justice in USA vs. Gilchrist Docket No: DKC-02-0245 issued in 2002 to Office of the US Attorney Greenbelt MD. to permit the prosecution of above case after acquittal in Prince Georges County MD of same Charge, aslo called "Petit Order."

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 4/15/04

Sumitted by: _Derrell L Gilchrist_
Requester

Sworn and subscribed before me this 15 day of APRIL, 2004 I, the Federal Prison Case Manager of the above named person, verify that the above person appeared before me — and is who he/she claims.

Case Manager/Notary Public

**"A. GIORDANI, PAROLE OFFICER"**
**AUTHORIZED BY ACT OF JULY 7, 1955**
**TO ADMINISTER OATHS**
**(18 U.S.C. 4004)**



*FA 200400734*

## CERTIFICATION OF IDENTIFICATION

In accordance with 28 C.F.R. Section 16.41(d), Verification of identity, the requester's full name, current address, date of birth, place of birth, social security number and sample signature are provided. Notary is provided at bottom of document.

FULL NAME OF REQUESTER: Derrell Lamont Gilchrist

CURRENT ADDRESS: USP POBox 1000 Lewisburg, PA 17837

DATE OF BIRTH: September 22, 1975

PLACE OF BIRTH: District of Columbia

SOCIAL SECURITY NUMBER: 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

SAMPLE SIGNATURE: Derrell L Gilchrist

I aver that I am the individual above and that I fully understand that; Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact, or make any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C. Section 1001.

Derrell L Gilchrist _____    Executed On: 4/15/04

### APPROPRIATE FEE PROVISION[s]  FOR REQUEST
(Apply checked boxes to requested information)

[  ]    5 U.S.C. Section 552(a)(4)(A)(ii) provides: "No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.00."

[  ]    5 U.S.C. Section 552(a)(4)(A)(iii) provides: "If disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commerical interest of the requester."

[  ]    5 U.S.C. Section 552(a)(4)(A)(iv)(II) provides: "No fees may be charged by any agency under this section: (II) for any request described in clause (ii)(II) or (III) of this subparagraph for the first hundred pages of duplication."

[ ✓ ]    28 C.F.R. Section 16.10(a) provides: "The requester notifies in advance that he is willing to pay up to $25.00 in fees."

Derrell L Gilchrist _____    Executed On: 5/15/04
Signature of Pro Se Requester
WW/DD "Q"

Sworn to Before me, this, 15th, day of, APRIL, 10 2004

_____
Parole Officer/Notary Public Seal

**"A. GIORDANI, PAROLE OFFICER"**
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS

5-13-04

To:Criminal Division US Dept. of Justice
    WCTB Bldg. Suite 1075
    Wash. DC 20530-0001

MAY 1 9 2004

From:Derrell L Gilchrist#37284-037
      USP Lewisburg
       PO BOX#1000
      Lewisburg, PA 17837

Re: Request under the Freedom of Information Act, 5U.S.C Section 552

        I am writing to inquire about the status of my request which was
sent 4/15/04 to this agency , thus far I have recieved no conformation or
acknowledgement regarding my request for infomation pertaining to the "ORDER"
granted by the Dept. of Justice.

        I am aware that a response under this section is due by law within
10-20 day's which has past, if for some reason there is a problem with my request
please notify me as soon as possible at the above address.

                                            Respectfully,
                                            Derrell L Gilchrist

**EXHIBIT 6**
to Ciccone Declaration

<u>Gilchrist v. DOJ</u>, No. 05-1540



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:_____**Derrell Gilchrist**_____

Request Number:__**04-3179-R**_____

Government Component that referred material:_**U.S. Department of Justice Criminal Division**_____   *SEP 3 0 2004*

Dear Requester:

    This is in reply to your Freedom of Information Act/Privacy Act request of_**May 19, 2004**_.  Records were referred to us by the government component above for direct response to you.

    The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access.  Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information.  The exemptions cited are marked below.  An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                      <u>Section 552a</u>

| | | | |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ X ] (j)(2) |
| [  ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [ X ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

    We have reviewed approximately_____**2**__ page(s) of material:

_____ page(s) are being released in full (RIF);

_____ page(s) are being released in part (RIP);

__**2**___ page(s) are withheld in full (WIF) and

_____ pages were duplicate copies of material already processed.

    You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

    Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

(Page 1 of 2)

**FILE COPY**   Form No. 024 - 11/02

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

This is the final action this office will take concerning your request.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 024 - 11/02

### EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b) (1)  (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual.

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information complied in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k)(1)  information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

**EXHIBIT 7**
**to Ciccone Declaration**

<u>Gilchrist v. DOJ</u>, No. 05-1540

Request No.04-3179-R

*PA*
*(A)*
*EOUSA*

05-0285

To:Office of Information and Privacy
    United States Department of Justice
    Flag Building, Suite 570
    Washington, D.C. 20530

From: Derrell L Gilchrist#37284-037
      U.S.P. P.O. Box#1000
      Lewisburg, PA 17837

RE:Freedom of Information Act/Privacy Act Appeal


        This is a formal appeal under the Freedom of Information Act
(5§552(a)(6) hereto refered to as F.O.I.A.

        On May 13,2004 I requested documents under the F.O.I.A. my
request was assigned the following identification number:CRM-200400734-P.
On August 30,2004 I recieved a response to my request in a letter signed
by Thomas J. McIntyre releasing 1 document pertaining to my request(see
ex.#1),I was informed at that time that additional material was forwarded
to the Executive Office for United States Attorneys hereto refered to as
E.O.U.S.A.,I recieved a response from E.O.U.S.A. signed by Marie A. O'Rourke
on September 30,2004 withholding disclosure of 2 pages in full(see ex.#2).

        I appeal the denial of my request in the above matter to you.
The documents that were withheld must be disclosed under the F.O.I.A. in
accordance with 5§552(a).Disclosure of the documents I requested is in the
public interest because the information is likely to contribute significantly
to puublic understanding of the operations or activities of government.
The F.O.I.A. states that an agency may not withhold an entire file or
document because some portion of it's contents is exempt from disclosure.

OFFICE OF INFORMATION
AND PRIVACY

OCT 2 8 2004

RECEIVED

(1)

See(Fine v. U.S.Dept.of Energy,830F.Supp570(D.N.M.1993)and(ACLU Foundation v. U.S.Dept.of Justice,833F.Supp399(S.D.NY1993).

## CONCLUSION

I challenge the validity of the exemptions and request further review and clarification. See(Church of Scientology International v. U.S. Dept of Justice,30 F.3d 224(1st Cir.1994).

Pursuant to 28 U.S.C. § 1746, I, Derrell L. Gilchrist, hereby declare that the above statements are true and correct to the best of my knowledge and belief.

Derrell l. Gilchrist#37284-037

Dated:October19,2004

**EXHIBIT 8**
**to Ciccone Declaration**

<u>Gilchrist v. DOJ</u>, No. 05-1540



**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: (202) 514-3642                          Washington, D.C. 20530
                                                   NOV 1 6 2004


Mr. Derrell L. Gilchrist
Register No. 37284-037
United States Penitentiary
P.O. Box 1000
Lewisburg, PA  17837

      Re:  Request No. 04-3179-R

Dear Mr. Gilchrist:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on October 28, 2004.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0285**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                    Sincerely,

                    Priscilla Jones
                    Administrative Specialist

EOUSA

**EXHIBIT 9**
to Ciccone Declaration

<u>**Gilchrist v. DOJ,**</u> No. 05-1540



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                        _Washington, D.C. 20530_

**APR 1 8 2005**

Mr. Derrell L. Gilchrist
Register No. 37284-037
United States Penitentiary          Re:  Appeal No. 05-0285
Post Office Box 1000                     Request No. 04-3179-R
Lewisburg, PA  17837                     RLH:NSQ:ALB

Dear Mr. Gilchrist:

    You appealed from the action of the Executive Office for United
States Attorneys on two pages that were referred to it by the
Criminal Division in response to your request for records concerning
a Petite Order in your criminal case.

    After carefully considering your appeal, I have decided to
affirm the EOUSA's action on the two pages referred to it.

    The records in question are exempt from the access provision of
the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See
28 C.F.R. § 16.81 (2004).  Because these records are not available to
you under the Privacy Act, your request has been reviewed under the
Freedom of Information Act in order to afford you the greatest
possible access to the records requested.

    The EOUSA properly withheld from you certain information that
is protected from disclosure under the FOIA pursuant to:

    5 U.S.C. § 552(b)(5), which concerns certain inter- and
    intra-agency communications protected by the attorney
    work-product and deliberative process privileges; and

    5 U.S.C. § 552(b)(7)(C), which concerns records or
    information compiled for law enforcement purposes, the
    release of which could reasonably be expected to
    constitute an unwarranted invasion of the personal privacy
    of third parties.

I have also determined that this information is not appropriate for
discretionary release.



**FILE COPY**

-2-

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                  Sincerely,


                  Richard L. Huff
                  Co-Director

**EXHIBIT 10**
**to Ciccone Declaration**

<u>**Gilchrist v. DOJ**</u>, No. 05-1540



RECEIVED

2005 JUL 19 AM 1:44

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUL 18 2005**

Mr. Derrell L. Gilchrist
Register No. 37284-037
United States Penitentiary          Re:   Appeal No. 05-0285
Post Office 1000                          Request No. 04-3179
Lewisburg, PA  17837                      RLH:JHA:ALB

Dear Mr. Gilchrist:

     This responds to your letter dated May 4, 2005, in which you
seek clarification regarding the status of your appeal from the
action of the Executive Office for United States Attorneys on two
pages that were referred to it by the Criminal Division.

     By letter dated April 18, 2005, I affirmed the EOUSA's action
on the two pages referred to it.  Subsequently, by letter dated April
27, 2005, you were advised that your appeal "is still within our
current backlog and has not yet been assigned to an attorney of this
Office for processing."  It has been determined that our letter of
April 27, 2005, was sent in error.  I regret the confusion caused by
this administrative oversight.

                              Sincerely,



                              Richard L. Huff
                              Co-Director



**FILE COPY**

**EXHIBIT 11**
to Ciccone Declaration

<u>Gilchrist v. DOJ,</u> No. 05-1540



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

200026829

| | | |
|---|---|---|
| *Thomas M. DiBiagio*<br>*United States Attorney* | *400 United States Courthouse*<br>*6500 Cherrywood Lane*<br>*Greenbelt, MD 20770-1249* | *301-344-4433* |
| *Deborah A. Johnston*<br>*Assistant United States Attorney* | | *301-344-4032*<br>*FAX 301-344-4516*<br>*Deborah.Johnston@usdoj.gov* |

April 18, 2002

<u>VIA FAX - (202) 514-1468</u>

John Bannon
Witness Immunity Unit

Dear Mr. Bannon:

Pursuant to our conversation, enclosed please find our request for petite policy waiver. If additional information is required, please feel free to contact me.

Thank you for your assistance.

Very truly yours,

Thomas M. DiBiagio
United States Attorney

By:

Deborah A. Johnston
Assistant United States Attorney

Enclosure

3 pages total