UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRELL GILCHRIST,            )
                              )
        Plaintiff,            )    Civil Action No. 05-1540 (RJL)
                              )
        v.                    )
                              )
DEPARTMENT OF JUSTICE         )
                              )
        Defendants.           )
_____)

### DECLARATION OF DEBORAH JOHNSTON

I, Deborah A. Johnston, declare the following to be true and correct under penalty of perjury:

1. I submit this declaration to demonstrate the adequacy of the search conducted by the United States Attorney's Office for the District of Maryland in response to plaintiff's request under the Freedom of Information and Privacy Acts.

2. I have been employed since November 28, 1994 as an Assistant United States Attorney in the United State's Attorney Office for the District of Maryland ("USAO-MD" or "District"), and since December, 2003 I have served as a Senior Litigation Counsel for this District.

3. In such capacity, my duties are to investigate and prosecute violations of the federal criminal laws. This responsibility includes post-conviction litigation, including direct appeals, petitions for post-conviction relief under 28 U.S.C. § 2255 and requests under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.

3. In this District when a FOIA request is made, a case file is opened and the matter is referred to the attorney assigned to the particular case. The attorney reviews the file in its entirety, as well as any related electronic files to determine what, if any, documents fall within the scope of the request. The assigned attorney also determines the status of the criminal case. A report is then forwarded to the FOIA Staff in the Executive Office for United States Attorneys ("EOUSA") regarding the FOIA request together with a certification of search under oath.

4. I prosecuted the criminal case against Darrell Lamont Gilchrist with AUSA Sandra Wilkinson. In August 2004, I had sole responsibility for the Gilchrist criminal case. By memorandum from the FOIA Staff at EOUSA dated August 4, 2004, our office was requested to respond to a FOIA request received from Darrell Gilchrist (EOUSA Request No. 04-2365), which is now the subject of his above-captioned civil action.

5. Gilchrist's FOIA request to EOUSA sought:

> The specific order relating to U.S.A. vs. Gilchrist, Docket NO: Dkc-02-0245 pertaining to Petite Policy or Order granted to U.S. Attorneys office for the District of Maryland in above cited case for ARMED CAR JACKING to be retried.

6. In connection with Gilchrist's FOIA request, I

-2-

personally reviewed his criminal file in this Office, which is where any responsive documents would be located since this was the prosecuting District. By memorandum dated August 21, 2004, I initially advised the FOIA Staff at EOUSA that Gilchrist's criminal case was pending on appeal and that no records were thus appropriate for release at that time.[1] I further advised the FOIA Staff at EOUSA that there was no court "Order" authorizing Gilchrist's federal prosecution, but that the file contained a two-page internal recommendation, entitled "Petite Policy Waiver Request," seeking dual prosecution authority in the Gilchrist case, as well as a one-page transmittal letter and a one-page letter authorizing such prosecution.

7. The Petite Policy is discussed in the United States Attorneys' Manual and states, in pertinent part, as follows:

> **§ 9-2.031 Dual and Successive Prosecution Policy ("Petite Policy")**
>
> **Statement of Policy:** This policy establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding. See <u>Rinaldi v. United States</u>, 434 U.S. 22, 27, (1977); <u>Petite v. United States</u>, 361 U.S. 529 (1960). . . .

---

[1] <u>See, e.g.</u>, 5 U.S.C. § 552(b)(7) (exempting "records or information compiled for law enforcement purposes . . . to the extent that the production . . . (A) could reasonably be expected to interfere with enforcement proceedings").

-3-

United States Attorneys' Manual § 9-2.031, reproduced at www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/2mcrm.htm#9.2.031.

8. In the Gilchrist criminal case, a waiver of the Petite Policy was sought by this District and granted by the Criminal Division, so as to permit the federal prosecution of Gilchrist for carjacking. In total, the responsive documents forwarded to the FOIA Staff in EOUSA comprise four pages and consist of the following three documents: (1) the above-referenced two-page "Petite Policy Waiver Request"; (2) a one-page transmittal letter dated April 18, 2002 signed by me and addressed to John Bannon, Witness Immunity Unit, Criminal Division; and (3) a one-page letter, dated April 29, 2002, signed by John C. Keeney, Deputy Assistant Attorney General, Criminal Division, authorizing Gilchrist's federal prosecution.

9. By fax dated October 26, 2004, I directed copies of the foregoing documents to be transmitted to the FOIA Staff at EOUSA. I understand from the filings in this case that all but the two-page "Petite Policy Waiver Request" have now been released to plaintiff Gilchrist, and that he contends there are additional responsive documents from the Federal Bureau of Investigation and/or Prince George's County authorities. Pl's. Sum. Judgment Response (Feb. 6, 2006).

10. By voice mail and then by electronic mail dated February 27, 2006, I was notified by Anthony Ciccone, a FOIA Staff attorney at EOUSA, that this Court had issued an order on February 24, 2006 seeking supplemental information as to the adequacy of the search for records responsive to Gilchrist's FOIA request. This declaration is offered to provide the Court with such additional information.

11. As noted, in October, 2004, in an effort to locate any and all records that could reasonably be construed as the Petite "Order" sought in Gilchrist's FOIA request to EOUSA, I personally searched the criminal file in his case. There, I located the four pages referenced above, consisting of my two-page Petite waiver recommendation together with a one-page transmittal to the Criminal Division and a one-page authorization from the Criminal Division.

12. Out of an abundance of caution, I have once again reviewed the entire Gilchrist criminal case file as well as related electronic files, to locate any documents concerning the Petite policy waiver request and authorization. Other than intraoffice emails, approvals, and fax cover sheets facilitating the forwarding of the Petite waiver memorandum, I have located no other responsive records after a reasonable search.

13. Contrary to the allegations in Gilchrist's summary

judgment opposition, I have not located any documents from the Federal Bureau of Investigation or the Prince George's County authorities which reference or request that our office seek a Petite policy waiver.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __March 10, 2006__

                                                  *[signature]*
Deborah A. Johnston
Assistant United States Attorney
District of Maryland