IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

DEREELL GILCHRIST,      *
            *
  PLAINTIFF,      *  CIVIL ACT.NO:1:05cv1540(RJL)
            *     JUDGE RICHARD J. LEON
  v.          *
            *
DEPARTMENT OF JUSTICE,  *
            *
  DEFENDANT.     *
* * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR SUMMARY JUDGMENT.**

   Plaintiff, Derrell Gilchrist, pro-se, respectfully moves this Court to deny Defendant's Renewed Motion for Summary Judgment based on the following:

   I. Department of Justice-Criminal Division/Executive Office of United States Attorney's construed Plaintiff's request to narrowly.

   Plaintiff's request on April 15, 2004 stated: All information pertaining to "Order" granted by Dept. of Justice in USA vs. Gilchrist Docket No:DKC-02-0245 issued in 2002 to office of the US Attorney Greenbelt MD. to permitt the prosecution of above case after acquittal in Prince Georges County MD of same charges, also called "Petit Order".(This request was assigned Requst NO.04-2365-R, see Initial Request Exhibit#11).
This search should have encompassed not only the 4 pages retrieved by Defendant but documents held by and submitted to the United States Attorney for the District of Maryland, by Lynne Hunt and other agents of the Federal Bureau of Investigation, Prince Georges County Police Dept., and Prince Georges County Prosecutors Office etc. leading up to the decision to request waiver of Petite Policy that was reasonably discloseable under FOIA/PA. The FOIA requires disclosure only of "agency records", which are documents created

or <u>obtained by agency and under agency's control</u> at time the FOIA request was made. See <u>Lacedra v. Executive Office for U.S. Attorney's</u>,317 F.3d 345(D.C.Cir.2003)(In view of governments obligation to construe request for records under Freedom of Information Act(FOIA),<u>liberally</u>,request which first asked for "<u>all documents pertaining to</u>" criminal case that was prosecuted by agency office,but which then enumerated certain specifically requested items,should have been construed by agency as requesting all documents concerning case,not just enumerated documents,agency's interpretation that general request only identified location where specifically requested documents might be found was implausible). Defendant failed to adequately search their records because they did not consider in their search "<u>All information pertaining to Order</u>" liberally based on request.

Defendant's conceded that the actual search conducted by E.O.U.S.A. was based on Request NO.04-2365. See Declaration of Deborah Johnson,Id p.-2-. Request No.<u>04-3179-R</u> the basis of this action was forwarded to E.O.U.S.A. by Dept. of Justice-Criminal Div. sua sponte in a referal memorandum on August 27,2004. See Initial Complaint Exhibit#4. Under Department of Justice Policy once referal was sent pursuant to Title 28 C.F.R. Ch.1 § 16.4(d)(...Law enforcement information;Whenever a request is made for record containing information that relates to an investigation of a possible violation of law and was originated by another component or agency,the receiving component shall either refer the responsibility for responding to the <u>request</u> regarding that information to that component or agency or consult with that other component or agency). Based on this policy it was incumbent upon E.O.U.S.A. to evaluate request and interpret it liberally in favor of disclosure.

For govermental agency to be entitled to summary judgment on it's claim that it has fully discharged it's disclosure obligations under Freedom of Information Act, agency bears burden of showing that there is no genuine issue of material fact, even when underlying facts are viewed in light most favorable to requester, and, futhermore, when adequacy of agency search for requested material is that issue, agency must show beyond reasonable doubt that it has conducted search reasonably calculated to uncover <u>all relevant documents</u>. See <u>Wiesburg v. U.S. Dept. of Justice</u>, 705 F.2d 1344(1983).

Plaintiff makes no assertion that documents exist of the Federal Bureau of Investigation or Prince Georges County Authorities requesting the United States Attorney's Office of Maryland to seek Petite policy waiver, however arguendo the information relied on in the memorandum letter is De facto relevant and would come under the realm of "All information pertaining to". Plaintiff maintains that the Department of Justice-Criminal Div./Executive Office for United States Attorney's was deliberately indifferent, negligent, and willfully disregarded it's duty in the handeling, dispursement, and maintenence of records.

II. <u>Summary Judgment would be premature, discovery and in camera review needed to effectuate justice.</u>

Plaintiff challenges the Dept. of Justice's invocation of exemptions 5 U.S.C. §552(b)(5),(b)(7)(C), and 5 U.S.C. §552a(j)(2). An in camera inspection is warranted of the documents at issue to determine whether such records or any part thereof shall be withheld under any of the [statutory exemptions]. The 2 page titled "Recomendation Letter" reviewed by Anthony J. Ciccone (Sr. Attorney Advisor, FOIA/Privacy Staff) does not give sufficient explanations of <u>each</u> page to conclude it's reliance on exemptions or

-3-

segregability of documents. See <u>Trans-Pacific Policing Agreement v. United States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C.Cir.1999)(Holding that a District Court has the obligation to consider the segregability issue sua sponte, regardless of whether it has been raised by the parties, noting that we have many times remanded in cases where the District Court had failed to rule on segregability). If a document contains exempt information, agency is obligated to release "any reasonably segregable portions" after deletion of the nondisclosable portions. The Vaughn Index provided offered insufficient justification for it's claim that none of the withheld documents could reasonably be segregated for release.

Federal Rules of Civil Procedure 56(f) provides that a court may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion. It is well established that the Privacy Act and FOIA provide separate routes for obtaining information. Where as here a person files requests under both Acts, an exemption must apply from each Act in order for the material to be withheld. See <u>Martin v. Malhoyt</u>, 830 F.2d 237, 256 (D.C.Cir.1987)("Indeed, parties should be afforded a reasonable opportunity to complete discovery before grappling with a Summary Judgment Motion). Thus plaintiff submitts that the Dept. of Justice has not fullfilled it's duty, further discovery in the form of interagatories under Rule 33 of the Federal Rules of Civil Procedure limited to the subject of this matter would shed light on the true nature and scope of information obtained by the United States Attorney's Office-District of Maryland, further discovery would allow for other material relevant to request, including date of commencement of gathering information.

The FOIA was enacted to promote honesty reduce waste in government by exposing an agency's performance of it's statutory duties to public scrutiny. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed" See Smith v. U.S. Dept. of Justice, 251 F.3d 1047,1050(D.C.Cir.2001). In the case at hand summary judgment would be most premature in light of 5 U.S.C. § 552a(g)(1)(C)...if any agency "fails to maintain any record concerning any individual...and consequently a determination is made which is adverse to the invidual civil action is permitted. See Sellers v. Bureau of Prisons, 959 F.2d 307(D.C.Cir.1992).

   WHEREFORE, plaintiff requests this Honorable Court to apply all the principals enunciated in Haines v. Kerner, 404 U.S. 519, 30 L.ED. 2d. 652(1972) regarding pro-se pleadings, plaintiff would also move this Honorable Court to Deny Defendant's Renewed Motion for Summary Judgment and any further relief that the Court deems fit.

Dated: March 23, 2006

Copies Sent To:
Heather R. Phillips
Assistant United States Atty.
Civil Div.
555 4th Street, N.W., Rm. E4212
Washington, D.C. 20530

Respectfully submitted,

*Derrell Gilchrist* (signature)
Derrell Gilchrist, pro-se
#37284-037
U.S.P. Lewisburg
P.O. Box #1000
Lewisburg, PA 17837

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DERRELL GILCHRIST, | * |
| PLAINTIFF, | * CIVIL ACT.NO:1:05cv1540(RJL) |
| v. | *     JUDGE RICHARD J. LEON |
| DEPARTMENT OF JUSTICE, | * |
| DEFENDANT. | * |

AFFIDAVIT OF DERRELL GILCHRIST IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR SUMMARY JUDGMENT.

Plaintiff, Derrell Gilchrist, pro-se, declares the following to be a true and correct statement of facts material to this case:

1) I (herein Plaintiff) on April 15,2004 submitted a request under the Freedom of Information/Privacy Act(5 U.S.C. § 552 and 552a)(herein after Foia/PA) to the U.S. Dept. of Justice-Criminal Division, seeking the following information:

All information pertaining to "Order" granted by Dept.of of Justice in USA vs. Gilchrist Docket No:DKC-02-0245 issued in 2002 to office of the U.S. Attorney Greenbelt MD. to permitt the prosecution of above case after acquittal in Prince Georges County MD. of same charge, also called "Petit Order".(See Initial Request,Exhibit#11). This request was assigned Request No:04-3179-R.

2) Plaintiff sent additional request on June 2,2004 under FOIA/PA to the Dept. of Justice-Executive Office for United States Attorney's again seeking information pertaining to "Petite Policy" and "Order", attaching a Departmental press release, this request was assigned Request No:04-2365.(See Exhibit#1 to Ciccone Declaration).

-1-

3) Plaintiff Administratively Appealed Request No:04-3179-R (See Exhibit#7 and 8 to Ciccone Declaration) and the withholding of 2 pages in full by the Executive Office for United States Attorney's.

4) Defendant(Dept. of Justice),concede Request No:04-3179-R was forwarded to Executive Office for United States Attorney's (E.O.U.S.A.) by referal memorandum on August 27,2005(See Defendant's Statement of Material Facts p.-3-).

5) Defendant's United States Attorney's Office-Maryland concede that it only conducted search based on Request No:04-2365 (See Affidavit of Debra Johnson).

6) Plaintiff asserts it was Defendant's deliberate indifference, negligence,and willful disregard that caused E.O.U.S.A. failure to process fax transmittal(cover)sheet in connection with Request No:04-3179-R(See Defendant's Statement of Material Facts p.-3-).

7) Plaintiff contends it was Defendant's deliberate indifference ,negligence,and willful disregard that caused Office of Information & Privacy to affirm withholdings on April 18,2005 and subsequently transmitt letter on April 27,2005 advising plaintiff appeal"is still within our current backlog and has not yet been assigned...for processing"

8) Plaintiff contends that as a result of erroneous information maintained by Defendant's Plaintiff was adversly affected in decision to grant "Petit Order".

9) Plaintiff makes no allegations that Federal Bureau of Investigation or the Prince Georges County Authorities requested that United States Attorney's Office-Maryland seek a Petite Policy waiver.

-2-

10) Plaintiff's objective with respect to request was to obtain all information pertaining to Petit Order including documents and information etc.(case file,electronic files,briefings,public records) provided by other agency's to United States Attorney's Office-MD prior to there seeking approval that was releaseable under FOIA/PA.

11) Plaintiff is suing to challenge the search conducted for responsive records based on my request, the failure to construe request for records liberally, the manner in which the Dept. of Justice handled my claim, the adverse decision based on erroneous information, and the propriety of the three-page withholding.

12) Plaintiff is incarcerated with limited means and lacks knowledge in the legal science of law. Futhermore until discovery is adequately granted I am unable to provide the necessary affidavit's etc. at this time to oppose all aspects of Defendant's Renewed Motion for Summary Judgment.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: March 23, 2006

Respectfully submitted,

*Derrell Gilchrist*
Derrell Gilchrist, pro-se
#37284-037
U.S.P. Lewisburg
P.O. Box #1000
Lewisburg, PA 17837

# CERTIFICATE OF SERVICE

I, DERRELL GILCHRIST#37284-037, hereby certify that I have served a true and correct copy of the foregoing: PLAINTIFF'S MOTION FOR DISCOVERY, AFFIDAVIT OF DERRELL GILCHRIST, MOTION FOR APPOINTMENT OF COUNSEL, AND PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:    HEATHER R. PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
CIVIL DIV.
555 4th STREET, N.W., RM. E4212
WASHINGTON, D.C. 20530

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this  23  day of MARCH, 2006.

Respectfully Submitted,

*[signature]*

REG. NO. 37284-037