**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DERRELL GILCHRIST,**<br><br>**Plaintiff,**<br>**v.**<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br><br>**Defendant.** | **Civil Action No. 05-1540 (RJL)**<br>**ECF** |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

On March 10, 2006, Defendant filed its Renewed Motion for Summary Judgment. Plaintiff has filed his Opposition, and Defendant hereby files its Reply.

## I. Both the Criminal Division and EOUSA Conducted a Reasonable and Thorough Search for Responsive Documents.

It is undisputed that Plaintiff's FOIA request to the Criminal Division asked for:

> All information pertaining to "Order" granted by Dept. of Justice in USA vs. Gilchrist Docket No.: DKC-02-0245, issued in 2002 to Office of the U.S. Attorney Greenbelt MD to permit the prosecution of above case after acquittal in Prince George's County MD of same charge, also called "Petit Order" [sic].

See Defendant's Renewed MSJ at 4, Ciccone Declaration and Exhibit 5 thereto. On the other hand, Plaintiff's FOIA request to EOUSA requested only: "The specific order relating to U.S.A. vs. Gilchrist, Docket NO: Dkc-02-0245, pertaining to Petite Policy or Order granted to U.S. Attorneys office for the District of Maryland in above cited case for ARMED CAR JACKING to be retried." See Renewed MSJ, Ciccone Declaration ¶ 4 and Exhibit 1 thereto. As such, the FOIA request made to the Criminal Division was broader than the FOIA request made to EOUSA.

Plaintiff appears to argue that EOUSA should have conducted a search based on the parameters of the request he made to the Criminal Division. Plaintiff's Opposition at 2. This is incorrect both legally and factually for the reasons set forth below. In support of this proposition, Plaintiff cites 28 C.F.R. § 16.4(d), which states: "*Law enforcement information*. Whenever a request is made for a record containing information that relates to an investigation of a possible violation of law and was originated by another component or agency, the receiving component shall either refer the responsibility for responding to the request regarding that information to that other component or agency or consult with that other component or agency."

Plaintiff's FOIA request to the Criminal Division, however did not seek "investigatory" materials within the meaning of 28 C.F.R. § 16.4(d), but rather only the Petite order and related materials. As such, Plaintiff's reliance on this regulation is misplaced. Instead, and pursuant to 28 C.F.R. § 16.4(c), the Criminal Division properly referred the responsive documents that it found during its search to the originating component, EOUSA. As 28 C.F.R. § 16.4(c) states, in pertinent part, the originating component is "[o]rdinarily . . . presumed to be best able to determine whether to disclose it:"

> *Consultations and referrals.* When a component receives a request for a record in its possession, it shall determine whether another component . . . is better able to determine whether the record is exempt from disclosure under the FOIA . . . [and] either:
>
> (1) Respond to the request . . . after consulting with the [other] component . . . ; or
>
> (2) Refer the responsibility for responding to the request regarding that record to the component best able to determine whether to disclose it. . . . <u>Ordinarily, the component . . . that originated a record will be presumed to be best able to determine whether to disclose it.</u>

28 C.F.R. § 16.4(c) (emphasis added). In this case, after conducting its own search for records

responsive to Plaintiff's request, the Criminal Division forwarded to EOUSA – for processing and "direct reply" to Plaintiff in accordance with 28 C.F.R. § 16.4(c) – a three page document authored by the U.S. Attorney's Office for the District of Maryland consisting of a transmittal memo and a Petite policy prosecution recommendation. See Renewed MSJ and Ciccone Declaration ¶ 9.

Premised on his mistaken interpretation of the applicable regulations, Plaintiff argues – without any evidence whatsoever – that Defendant interpreted his FOIA request too narrowly because the "search should have encompassed not only the 4 pages retrieved by Defendant but documents held by and submitted to the United States Attorney for the District of Maryland, by Lynne Hunt (Federal Bureau of Investigation), Prince Georges County Police Dept., and Prince Georges County Prosecutors Office leading up to the decision to request waiver of Petite Policy that were discloseable under FOIA/PA." Plaintiff's Opposition at 1. As an initial matter, although not required to do so, the U.S. Attorney's Office for Maryland actually conducted a search that was broader than the request made to them. See Renewed MSJ, Johnston Declaration ¶ 12. Moreover, Plaintiff's assertions that any such documents exist amount to pure speculation, and are directly rebutted by AUSA Johnston's Declaration. Further, Plaintiff's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994), quoting Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991); Oglesby v. Department of Army, 920 F.2d 57, 67 n.3 (D.C. Cir. 1990) ("hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search"). In sum, when a FOIA request is

pending, the agency is only able or obligated to release material that it actually has. See Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993) ("The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.").

Finally, although the adequacy of the search is measured by a "standard of reasonableness," and depends heavily on "the circumstances of the case," the agency can reasonably limit its production to the information actually requested. Id.; Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir.1990); Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir.1984); McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1100-01 (D.C. Cir.1983). Plaintiff's reliance on Lacedra v. EOUSA, 317 F.3d 345 (D.C. Cir. 2003) is misplaced. It is patently obvious that Plaintiff's FOIA request did not ask Defendant to produce his entire criminal file. Defendant reasonably interpreted Plaintiff's request as written, and it has produced all responsive documents related to the Petite Order.

In short, the undisputed evidence before the Court on Defendant's pending Renewed Motion for Summary Judgment is that both EOUSA and the Criminal Division conducted a search for "all documents" pertaining to the "Petit[e] Order," and four responsive documents were found. See Defendant's Renewed MSJ, Ciccone Declaration ¶ 16; Hsu Declaration ¶14; Johnston Declaration ¶¶6, 12. Furthermore, in response to Plaintiff's Complaint, AUSA Johnston again reviewed Plaintiff's entire criminal file "to locate any documents concerning the Petite policy waiver request and authorization," and "[c]ontrary to the allegations in Gilchrist's summary judgment opposition, [did not] locate[] any documents from the Federal Bureau of Investigation or the Prince George's County authorities which reference or request that [USAO-

MD] seek a Petite policy waiver." See Renewed MSJ, Johnston Declaration ¶¶ 12-13. The Court should therefore grant Defendant's Renewed Motion for Summary Judgment.

**II. In Camera Review is Unwarranted.**

Plaintiff requests that the Court conduct an *in camera* review of the two-page memorandum that has been withheld in full because the Declaration by Anthony J. Ciccone "does not give sufficient explanations of each page to conclude its reliance on exemptions or segregability of documents." Plaintiff's Opposition at 3. Plaintiff's assertions are incorrect, as the Ciccone Declaration expressly describes the contents of the withheld memo and analyzes the memo for segregability. Given the level of detail provided by the Ciccone Declaration, *in camera* review by the Court is wholly unwarranted and would be a waste of scarce judicial resources.

The decision whether to review *in camera* documents withheld from production in response to a FOIA request is within the discretion of the District Court. See, e.g., Accuracy in Media, Inc. v. National Park Serv., 194 F.3d 120, 124-25 (D.C. Cir. 1999) (reviewing decision not to review in camera documents for an abuse of discretion), cert. denied, 529 U.S. 1111 (2000). *In camera* review, however, is generally disfavored. See PHE, Inc. v. United States Dep't of Justice, 983 F.2d 248, 252-53 (D.C. Cir. 1993); Williams v. Federal Bureau of Investigation, 822 F. Supp. 808, 814 (D.D.C. 1993), aff'd in part and remanded in part, 76 F.3d 1244 (D.C. Cir. 1994), quoting Schiller v. National Labor Relations Board, 964 F.2d 1205, 1209 (D.C. Cir. 1992). Indeed, such review typically is appropriate only if an agency's affidavits are insufficiently detailed to permit meaningful review of exemption claims, or there is evidence of agency bad faith. See, e.g., Accuracy in Media, 194 F.3d at 125; Delviscovo v. Federal Bureau

of Investigation, 903 F. Supp. 1, 3 (D.D.C. 1995) (finding *in camera* review unnecessary and inappropriate where agency submits sufficient declaration in support of dispositive motion). As stated by the Court in Assassination Archives and Research Center v. C.I.A., 177 F. Supp. 2d 1 (D.D.C. 2001), *aff'd on appeal*, 334 F.3d 55 (2003), for the Court to "require the CIA to produce . . . the . . . contents would defeat the purpose of the FOIA exemptions. . . .The agency may file affidavits to meet its burden of demonstrating that documents were properly withheld from disclosure."

In Defenders of Wildlife v. U.S. Dept of Agriculture, 311 F. Supp.2d 44, 56 (D.D.C. 2004), the Court held that "[w]hile there is no set form for a *Vaughn* index, the agency should describe the documents with 'as much information as possible *without thwarting the exemption's purpose*.' " Id., quoting King v. Dept of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987) (emphasis added). All a defendant must do is provide " 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.' " Id. at 56-57, quoting Mead Data Cent., Inc. v. Dept of Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977). This the Defendant has done. Indeed the portion of the Ciccone Declaration that explains in detail the agency's grounds for withholding the two-page memorandum as well as its segregability analysis is six pages long – four pages longer than the withheld memorandum itself. See Defendant's MSJ and attached Ciccone Decl. at 8-13.

Moreover, two of the four pages of responsive records were already deemed "segregable" and released to Plaintiff in full. See, e.g., Ciccone Decl. ¶¶ 16-17, 23-24. The only document not released was a two-page prosecutorial recommendation memorandum. As to that document,

Mr. Ciccone, who personally reviewed the two-page memorandum withheld in full, verified that the entirety of the memorandum consisted of "a prosecutor's interpretations and evaluations of the pertinent facts and law, as well as legal opinions," and "was prepared in anticipation of litigation." Id. at ¶ 32. He additionally verified that the memorandum contained "information compiled for law enforcement purposes," and that release "could subject [] persons to an unwarranted invasion of their personal privacy." Id. at ¶ 34. Mr. Ciccone further determined that the two-page memorandum "was carefully analyzed for segregability purposes and no reasonably segregable non-exempt information has been withheld from [Plaintiff]."

Mr. Ciccone's Declaration is challenged only to the extent Plaintiff baldly asserts that "the Vaughn Index provided offered insufficient justification for its claim that none of the withheld documents could reasonably be segregated for release." Plaintiff's Opposition at 4. This unsupported assertion is directly contradicted by Mr. Ciccone's sworn declaration that details the information withheld, and the basis for the withholding. As such, the Court should decline to waste scarce judicial resources in conducting an *in camera* review of the two-page memorandum. Accord Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmovant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts,").

Dated: April 11, 2006.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

Of Counsel:

Anthony J. Ciccone
FOIA/Privacy Staff
Executive Office for
United States Attorneys
Department of Justice

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DERRELL GILCHRIST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-1540 (RJL)** |
| | ) | **ECF** |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of defendant's Renewed Motion for Summary Judgment, the Opposition thereto, and te entire record herein, it is this ____ day of ______________, hereby

ORDERED that the defendant's motion is hereby GRANTED and this case is hereby DISMISSED.

_________________________________________
UNITED STATES DISTRICT JUDGE

ECF service to counsel of record

By mail to: Derrell Gilchrist, Pro Se
Reg. No. 37284-037
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2006 a copy of the foregoing was served by regular United States mail, postage pre-paid, upon:

Derrell Gilchrist, Pro Se
Reg. No. 37284-037
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

_/s/________________________________
Heather R. Phillips