UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 30 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

)
DERRELL GILCHRIST,             )
                               )
        Plaintiff,             )
                               )
  v.                           )   Civil Action No. 05-1540 (RJL)
                               )
DEPARTMENT OF JUSTICE,         )
                               )
        Defendant.             )
                               )

## MEMORANDUM OPINION

This matter is before the Court on defendant's renewed motion for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of the case, the Court will grant summary judgment for defendant.

### I. BACKGROUND

In 2004, plaintiff submitted two requests for information under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to components of the United States Department of Justice.

#### A. Criminal Division

In April 2004, plaintiff submitted to the United States Department of Justice, Criminal Division, the following FOIA request:

> All information pertaining to "order" granted by Dept. of Justice in USA vs. Gilchrist[,] Docket No.: DKC-02-0245 issued in 2002 to Office of the US Attorney[,] Greenbelt[,] MD to permit the prosecution of above case after acquittal in Prince

1



> George[']s County MD of same Charge, aslo [sic] called "Petit Order."

Memorandum in Support of Defendant's Renewed Motion for Summary Judgment ("Def.'s Mot."), Declaration of Anthony J. Ciccone ("Ciccone Decl."), Ex. 5 (FOIA Request). On August 27, 2004, Criminal Division staff notified plaintiff that one responsive record had been located; that record was released in full. Compl., Ex. 3 (Response to Request No. CRM-200400734-P). That record was a copy of an April 29, 2002 letter from J.C. Keeney, Deputy Asst. Attorney General, Criminal Division, to the United States Attorney for the District of Maryland regarding the "Dual Prosecution of Darrell Lamont Gilchrist." *Id.* In addition, staff notified plaintiff that records which originated with the Office of the United States Attorney for the District of Maryland had been referred to the Executive Office for United States Attorneys ("EOUSA") for that component's direct response to him. *Id.*

By letter dated September 30, 2004, EOUSA staff notified plaintiff that all of the records (one three-page document) referred by the Criminal Division were withheld in full under Exemptions 5, 7(C), and 7(D). Ciccone Decl. ¶¶ 11-12 & Ex. 6 (Letter from M.A. O'Rourke, Asst. Dir., FOI/PA Staff, EOUSA). Plaintiff appealed the EOUSA's decision to the Justice Department's Office of Information and Privacy ("OIP"). Compl., Ex. 6 (Appeal of Request No. 04-3179-R). OIP affirmed the EOUSA's decision. *Id.*, Ex. 9 (Response to Appeal No. 05-0285).

### B. Executive Office for United States Attorneys

In the request to the EOUSA, plaintiff sought:

> The specific order relating to U.S.A[.] vs[.] Gilchrist, Docket NO: Dkc-02-0245 pertaining to Petite Policy or Order granted

> to U.S. Attorney[']s office for the District of Maryland in above
> cited case for ARMED CAR JACKING to be retried.

Def.'s Mot., Ciccone Decl., Ex. 1 (FOIA request dated June 2, 2004) (capitalization in original). EOUSA staff acknowledged receipt of the request, which was assigned Request No. 04-2365, by letter dated July 26, 2004. Compl., Ex. 2 (Letter from M.A. O'Rourke). On October 29, 2004, EOUSA staff notified plaintiff that a three-page document had been located, and that all pages were withheld in full under Exemptions 5, 7(C) and 7(D). Ciccone Decl. ¶ 7; Compl., Ex. 5 (Letter from M.A. O'Rourke). In addition, the letter informed plaintiff that staff referred one document (one page) to the Justice Department's Criminal Division for that component's direct response. Compl., Ex. 5. The Criminal Division released that document in full on January 6, 2005. *Id.*, Ex. 8 (Letter from T.J. McIntyre, Chief, FOI/PA Unit, Office of Enforcement Operations, Criminal Division). This document was another copy of the April 29, 2002 letter from J.C. Keeney, Deputy Assistant Attorney General, Criminal Division, to the United States Attorney for the District of Maryland authorizing the prosecution of Darrell Lamont Gilchrist *for carjacking and use of a firearm during a crime of violence notwithstanding his prosecution in state court for offenses involving the same transactions. See* Compl. ¶ 6 & Ex. 3.

The document referred by the Criminal Division to the EOUSA was the same document found in the EOUSA's records: a "three-page recommendation memo and cover letter from the USAO-MD seeking a waiver of the Department's so-called 'Petite' policy on dual prosecutions." Ciccone Decl. ¶ 16. Since this litigation began, defendant has released the first page, a "cover letter dated April 18, 2002, transmitting the

3

substantive underlying recommendation memorandum." *Id.* ¶ 17 & Ex. 11 (Letter from D.A. Johnston, Asst. United States Attorney). The decision itself was released in full by both the Criminal Division and the EOUSA.

Plaintiff brings this action under FOIA for the release of the recommendation memorandum in its entirety.

## II. DISCUSSION

### A. Summary Judgment Standard

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The Court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

---

[1] In support of its summary judgment motion, defendant submits the declarations of Anthony J. Ciccone, Kathy Hsu and Deborah A. Johnston. Mr. Ciccone is a Senior Attorney Advisor assigned to the EOUSA's Freedom of Information & Privacy Staff. Ciccone Decl. ¶ 1. In this capacity, he "act[s] as liaison with other Departmental components regarding FOIA/PA matters and oversee[s] the processing of FOIA/PA requests for records maintained by the EOUSA or any of the 93 United States Attorneys' offices nationwide." *Id.* ¶ 2. He is personally familiar with plaintiff's FOIA requests, and makes his declaration based upon his "review of Departmental files, information acquired through the performance of [his] official duties, and [his] own
(continued...)

### B. Searches for Responsive Records

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency is obligated to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing *Weisberg*, 745 F.2d at 1485). An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were

---

[1](...continued)
personal knowledge." *Id.* ¶ 3.

Ms. Hsu is a litigation attorney with the Freedom of Information Act/Privacy Act Unit, Office of Enforcement Operations, Criminal Division, United States Department of Justice. Hsu Decl. ¶ 1. In this capacity she reviews complaints in lawsuits filed under FOIA and provides litigation support to trial attorneys litigating FOIA cases in federal court. *Id.* ¶ 2. In addition, she reviews processing files generated by staff in responding to FOIA requests and confirms that decisions to withhold or release records are in accordance with the FOIA and with Justice Department regulations. *Id.*

Ms. Johnston is an Assistant United States Attorney in the United States Attorney's Office for the District of Maryland ("USAO-MD"). Johnston Decl. ¶ 2. In that capacity, she investigates and prosecutes violations of federal criminal laws and handles FOIA cases. *Id.* ¶ 3. Ms. Johnston states that she and another AUSA prosecuted the criminal case against plaintiff. *Id.* ¶ 4. Ms. Johnston also states that she conducted a search of USAO-MD's records for information responsive to plaintiff's FOIA request to the EOUSA. *Id.* ¶ 6.

searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 180 F.3d at 326).

### 1. Executive Office for United States Attorneys

Because plaintiff was prosecuted in the District of Maryland, it was determined that relevant records would be located in the United States Attorney's Office for the District of Maryland ("USAO-MD"). USAO-MD staff conducted the search. *See* Ciccone Decl. ¶ 6. The Assistant United States Attorney ("AUSA") who prosecuted the criminal case against plaintiff reviewed his criminal file. Johnston Decl. ¶¶ 4, 6. Although that file contained no order issued by a court authorizing plaintiff's prosecution in federal district court, there was "a two-age internal recommendation, entitled 'Petite Policy Waiver Request,' seeking dual prosecution authority in the Gilchrist case, as well as a one-page transmittal letter and a one-page letter authorizing such prosecution." *Id.* ¶ 6. Search of the criminal file yielded no "responsive documents from the Federal Bureau of Investigation and/or Prince George's County authorities." *Id.* ¶ 9. Nor did a subsequent review of related electronic files yield responsive records. *Id.* ¶ 12.

Plaintiff argues that defendant "construed [his] request to[o] narrowly." Plaintiff's Response in Opposition to Defendant's Renewed Motion for Summary Judgment ("Pl.'s Opp.") at 1. He asserts that the EOUSA search focused only on the Petite Order, and failed to encompass "documents held by and submitted to the United States Attorney for the District of Maryland, by Lynne Hunt and other agents of the Federal Bureau of Investigation, Prince George[']s County Police Dept., and Prince George[']s County

Prosecutor[']s Office etc. leading up to the decision to request waiver of the Petite Policy." *Id.*

Plaintiff's FOIA request to the EOUSA sought one document: "[t]he specific order relating to U.S.A. vs[.] Gilchrist, Docket NO: Dkc-02-0245 pertaining to Petite Policy or Order granted to U.S. Attorneys [sic] office for the District of Maryland in above cited case for ARMED CAR JACKING to be retried." Ciccone Decl., Ex. 1. Plaintiff's conjecture as to the existence of additional responsive records did not satisfy his evidentiary burden, which requires that he present evidence rebutting the agency's initial showing of a good faith search, and utterly fails to do so here. *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983). It was not unreasonable for EOUSA and USAO-MD staff to limit the searches to the specific document plaintiff identified in his FOIA request.

### 2. Criminal Division

The Criminal Division neither assigns special identification numbers to individuals nor maintains files based on Social Security numbers. Hsu Decl. ¶ 13 n.4. Accordingly, searches of its records are done by using a requester's name and any known alias. *Id.* ¶ 13. "In processing records from individuals seeking information on themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records)," which contains "information on persons referred to in potential or actual cases and

7

matters of concern to the Criminal Division and correspondence on subjects directed or referred to the Criminal Division." *Id.*

Criminal Division staff searched that system using plaintiff's name as a search term; the search yielded no responsive records. *Id.* ¶ 11. In addition, staff searched records maintained by the Witness Immunity Unit, the only section where records pertaining to "Petit[e] Orders" might be located. *Id.* ¶ 12. Again using plaintiff's name as a search term, Witness Immunity staff located four pages of responsive records. *Id.* ¶¶ 13-14. One of these pages, the April 29, 2002 letter from John C. Keeney regarding the "Dual prosecution of Derrell Lamont Gilchrist," originated in the Criminal Division and was released in full. *Id.* ¶¶ 9, 14. The other three pages were referred to the EOUSA for direct response to plaintiff. *Id.* ¶ 14.

Having reviewed defendant's declarations, the Court concludes that both EOUSA and Criminal Division conducted searches in good faith and used search methods reasonably expected to produce records responsive to plaintiff's FOIA requests.

### C. Exemption 5

FOIA requires a federal government agency to make its records available to the public, unless those records or portions of records are protected from disclosure by a FOIA exemption. *See generally* 5 U.S.C. § 552(a). The sole matter for the Court's review is the withholding of the two-page "intra-Departmental recommendation, dated April 18, 2002, from the USAO-MD to the Criminal Division requesting a waiver of the so-called Petite policy so as to authorize Federal prosecution notwithstanding prior

8

state court proceedings." Ciccone Decl. ¶ 23. Defendant withholds the entire memorandum under FOIA Exemption 5.

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." *Burka v. United States Dep't of Health and Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

Attorney work product is among the types of material that is not available in discovery. *See, e.g., Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 27 (1983). The attorney work-product privilege protects material gathered and memoranda prepared by an attorney in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947). Records are properly withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). The privilege also "covers factual materials prepared in anticipation of litigation, as well as mental impressions, conclusions, opinions, and legal theories." *Heggestad v. United States Dep't of Justice*, 182 F. Supp.2d 1, 8 (D.D.C. 2000) (citing *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 620 (D.C. Cir. 1997)).

The deliberative process privilege "shields only government 'materials which are both predecisional and deliberative.'" *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d at 616 (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)). A document is "deliberative" if it "makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). When evaluating the deliberative character of agency documents, courts often distinguish between factual material that must be disclosed and advice and recommendations that may be withheld. *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537-38 (D.C. Cir. 1993) (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d at 774). The distinction between fact and opinion may be an elusive one and, as a result, the focus must remain on whether the information "bear[s] on the formulation or exercise of agency policy-oriented *judgment*." *Petroleum Info. Corp. v. United States Dep't of the Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (emphasis in original). A "deliberative" document reflects the "give and take'" of the deliberative process and contain "opinions, recommendations, or advice about agency policies." *Arthur Andersen & Co. v. Internal Revenue Serv.*, 679 F.2d 254, 257 (D.C. Cir. 1982). Attorney work product will often also be protected under the deliberative process privilege. *Heggestad v. United States Dep't of Justice*, 182 F. Supp.2d at 7.

In this case, defendant withholds the two-page recommendation memorandum under both the attorney work product and deliberative process privileges as it "contains the work product and prosecutorial recommendations of an [AUSA] in the USAO-MD to Departmental decision-makers in the Criminal Division." Ciccone Decl. ¶ 31. The

declarant explains that the memorandum "was prepared in anticipation of litigation and drafted by or at the request or direction of an attorney," and "recommend[ed] law enforcement options and [sought] approval by higher decision-makers." *Id.* ¶ 32. Disclosure of the memorandum, the declarant asserts, "would reveal predecisional communications among government officials related to litigation theories, issues, alternatives, and/or strategies," and "would jeopardize the candid and comprehensive deliberations essential for meaningful, efficient, and effective decision-making by Federal law enforcement agencies." *Id.*

The recommendation memorandum described in defendant's declarations contains both attorney work product and intra-agency material that is predecisional and deliberative. It squarely fits within the parameters of Exemption 5, and defendant's decision to withhold the memorandum in its entirety is proper.[2]

### D. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. 5 U.S.C. § 552(b); *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999). The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991)

---

[2]   Defendant no longer asserts Exemption 7(D). Ciccone Decl. ¶ 23 n.2. Because the withholding of the recommendation memorandum in its entirety is proper under Exemption 5, the Court need not address the applicability of Exemption 7(C). *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994).

(quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed defendant's declarations, the Court concludes that no meaningful portion of the two-page recommendation memorandum could reasonably be released.

### III. CONCLUSION

Defendant has conducted adequate and reasonable searches for records responsive to plaintiff's FOIA request, and properly has withheld one two-page recommendation memorandum pertaining to the Petite waiver obtained by the USAO-MD authorizing plaintiff's prosecution in federal district court notwithstanding prior state court proceedings. Defendant has demonstrated its compliance with FOIA, and the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
RICHARD J. LEON
United States District Judge

DATE: 10/28/06